William W. VAIL, Appellant,

v.

Marvin VAIL, Gdn., and the State of Texas, Appellees.

No. 4779.

Court of Civil Appeals of Texas.

Waco.

Jan. 30, 1969.

Frank Fitzpatrick, Jr., Don Hall, Waco, for appellant.

Jack Morgan, Kaufman, Ken Crow, Asst. Dist. Atty., Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant from a judgment of the County Court of McLennan County, sitting in probate, dismissing his petition for restoration of mental competency under Article 5547–83 Mental Health Code.

Appellant filed petition for restoration, alleging he had theretofore been adjudged a person of unsound mind and "is committed to the care and custody" of the Veterans Hospital in Waco; that he has been restored to his right mind; and prayed for re-examination and restoration.

Appellant thereafter amended alleging he had been discharged from the Veterans Hospital on June 27, 1968, no longer needed hospitalization or restraint, and prayed for adjudication of mental competency under Article 5547–83 Mental Health Code.

The County Court, sitting in probate, found that Vail had been, "committed to the care and custody of the Veterans Hospital in Waco"; "had been thereafter released from the Veterans Hospital"; "and it therefore appearing that the Court does not have jurisdiction", dismissed the cause.

Appellant appeals asserting the trial court erred in dismissing his case for want of jurisdiction because the petition stated a cause of action within the purview of Articles 5547–82 and 5547–83 Mental Health Code, and the trial Court had no legal authority to dismiss such cause.

Appellee asserts this court has no jurisdiction of appellant's appeal.

■ Civil cases generally of which the County Court has jurisdiction, are appealable directly to the Court of Civil Appeals. Article 2249 V.A.C.S.; Hickman v. Rusk State Hospital, CCA er. ref., 242 S.W.2d 913.

Appellant's action here was brought for an adjudication of mental competency under Article 5547–83 of the Mental Health Code.

Article 5547–11 Mental Health Code provides "the term 'county court' is used in this Code to mean 'probate court' or the court having probate jurisdiction".

Section 5 of the Probate Code Vol. 17A V.A.T.S. provides "the district court shall have appellate jurisdiction and general control over the county court in all probate matters".

Articles 5547–39a, 5547–39b and 5547–39d, Mental Health Code, provides for appeal from temporary hospitalization orders of the County Court under such Code to the "District Court".

Article 5547–57 of the Mental Health Code provides: "The appeal from the county court shall be by trial de novo in the district court."

And Article 1907 V.A.T.S. provides that the district court shall have appellate jurisdiction over the County Court in matters of probate.

■ It is our view that appeal from a judgment of the County Court, sitting in probate, in a suit for adjudication of mental competency under the Mental Health Code, is to the District Court, and this Court is without jurisdiction of the appeal.

Appeal dismissed for want of jurisdiction.

Dismissed.