**Archie M. CONNOLLY, Appellant,**

**v.**

**Harold EIDINOFF, Appellee.**

**No. 425.**

Court of Civil Appeals of Texas.

Tyler.

May 15, 1969.

Rehearing Denied June 12, 1969.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Executive Asst. Atty. Gen., W. V. Geppert, Staff Legal Asst. Atty. Gen., Robert C. Flowers, Allo B. Crow, Jr., Monroe Clayton, Asst. Attys. Gen., Austin, for appellant.

Willis Jarrel, Tyler, for appellee.

SELLERS, Justice.

This case originated by Dr. Eidinoff filing a petition for a hearing under the provisions of the Mental Health Code of Texas, Vernon's Ann.Civ.St. Article 5547–82, to determine that he was not at this time mentally ill. The County Attorney answered for the appellant, and a jury was empaneled. After a hearing, the jury found that Dr. Eidinoff was not mentally ill.

Based upon this verdict, the trial Judge ordered Dr. Eidinoff released from custody from the State Hospital for the insane. From this judgment, the appellant gave notice of appeal to the Court of Civil Appeals for the Twelfth Supreme Judicial District of Texas, and the case is before this Court at this time.

We are confronted at the outset with a motion by appellee attacking the jurisdiction of this Court and we have concluded that the motion must be sustained. All of the proceedings were had in the County Court under the provisions of the Texas Mental Health Code and are, under the statutes, designated a probate proceeding.

It would seem under the law of this State that all appeals of judgments of the County Court sitting in probate are to the District Court and not to this Court. The identical question was recently before the Waco Court of Civil Appeals, Vail v. Vail, Gd., 438 S.W.2d 115, and in an opin-

ion by Chief Justice McDonald, the Court held:

> "It is our view that appeal from a judgment of the County Court, sitting in probate, in a suit for adjudication of mental competency under the Mental Health Code, is to the District Court, and this Court is without jurisdiction of the appeal."

Under this authority, this appeal will be dismissed for want of jurisdiction.

Dismissed.