**In re L.L., Appellant.**

**No. 04–91–00322–CV.**

Court of Appeals of Texas,
San Antonio.

Sept. 30, 1991.

Rehearing Denied Nov. 14, 1991.

Virginia Raymond, Marvin E. Prevost, Advocacy, Inc., Austin, Tex., for appellant.

Edmund Burke Huber, Jr., Asst. County Atty., Kerrville, Tex., for appellee.

Before CHAPA, PEEPLES and CARR, JJ.

## OPINION

CHAPA, Justice.

This is an appeal from the 216th District Court of Kerr County,[1] which purports to challenge an order for renewal of extended mental health services to L.L.,[2] signed on May 23, 1991, by the County Judge of Kerr County, exercising his jurisdiction as a probate court in mental illness matters, as mandated by article 5547–40 of the Mental Health Code.

---

1. This mental health commitment proceeding was heard by the County Judge of Kerr County, sitting in his capacity to hear such matters, as authorized by article 5547–40 of the Mental Health Code. The only connection of the 216th District Court of Kerr County with this proceeding is that the case was improperly transferred to that court on a motion to transfer venue filed on May 28, 1991, five days after the commitment order was signed.

2. At appellant's request, in order to protect her privacy, only the initials L.L. will be used in this opinion, instead of the patient's full name.

Appellant is a 26–year–old woman who was transferred to the Kerrville State Hospital from Uvalde County on May 13, 1988. Before being transferred from Uvalde County, she was receiving in-patient care at the San Antonio State Hospital.

The factual background leading to this appeal shows that the patient's initial commitment hearing was held on May 26, 1988, and a notice of hearing was made. She requested a hearing before the court, resulting in a waiver of trial by jury. Her 1989 commitment was made without a hearing, and the record before this court indicates that her attorney at that time elected to have the trial court decide whether to renew the commitment based on medical certificates only. The patient's 1990 commitment, according to appellant, was on the basis of medical certificates only, which has been challenged by appellee. There is nothing in the record before this court to demonstrate on what basis the 1990 commitment was made.

The hearing on the 1991 renewal of mental health services, which is the subject of this appeal, occurred on May 23, 1991. Article 5547–55, entitled "Renewal of Order for Extended Mental Health Services", sets the parameters for a renewal proceeding. The subject proceeding included testimony from Dr. William F. Schultheis, who testified that at one time he "served at San Antonio State Hospital and was [L.L.'s] treating psychiatrist there as well," and that "[h]er diagnosis presently is schizophrenia, chronic undifferentiated type, mild mental retardation with behavioral symptoms and with some associated antisocial personality traits." The hearing on the requested renewal of mental health services was before a jury, which, in a unanimous verdict, found the patient was mentally ill and met the criteria for court-ordered mental health services.

On May 28, 1991, appellant's present counsel [3] filed with the Kerr County Clerk an entry of appearance, a motion for transfer of the proceedings to the Kerr County District Court, and a motion for rehearing. On May 30, 1991, the Honorable W.G. Stacy, Judge of Kerr County Court, signed an order transferring the matter to the 216th District Court of Kerr County. On June 3, 1991, prior to any hearing in the 216th District Court, appellant's counsel filed a notice of appeal.[4]

It is unclear whether appellant's counsel desired for the district court to entertain the motion for rehearing of the proceedings which had transpired before the County Judge. Such a procedural irregularity is without authority. At any rate, the motion for rehearing, which centered primarily on appellant's physical absence from the 1991 commitment renewal proceeding, was not heard in either the district or the county court. At the same time, it is equally apparent that appellant's counsel invoked article 5547–41 as the sole basis for seeking a transfer of the proceedings. Article 5547–40, entitled "Court in Which Proceedings to be Held", provides that:

A proceeding pursuant to this subchapter shall be held in the statutory or constitutional court of the county exercising the jurisdiction of a probate court in mental illness matters.

TEX.REV.CIV.STAT.ANN. art. 5547–40 (Vernon Supp.1991). Article 5547–41 provides the procedural mechanism for transferring a prospective mental health proceeding from the county court "to a court with a judge that is an attorney licensed to practice law in this state." *Id.* art. 5547–41 (Vernon Supp.1991).

■ Appellant has brought eight points of error in this appeal, which are set forth as follows:

(1) the trial court erred in proceeding on the application for renewal of an order for court-ordered mental health treat-

---

3. At trial, L.L. was represented by Dennis Smith of Kerrville. On May 28, 1991, appellant's present counsel Virginia Raymond and Marvin E. Prevost of Advocacy, Incorporated, entered their appearance, prior to filing the documents which are at issue in this appeal.

4. The notice of appeal shall be filed within ten (10) days from the date the order requiring mental health services is signed. TEX.REV. CIV.STAT.ANN. art. 5547–57(b) (Vernon Supp. 1991).

ment because such application was facially invalid;

(2) the trial court committed material and harmful error when it proceeded with the hearing in appellant's absence, when neither appellant nor her attorney had waived her presence;

(3) the trial court erred in ordering appellant committed to Kerrville State Hospital because there was no evidence that she was mentally ill under the Texas Mental Health Code;

(4) the trial court erred in ordering appellant committed to Kerrville State Hospital because there was insufficient evidence that she was mentally ill under the Texas Mental Health Code;

(5) the trial court erred in committing appellant to Kerrville State Hospital because there was no evidence that, as a result of mental illness, she was likely to cause serious harm to others, or that she would, if not treated, continue to suffer severe and abnormal mental, emotional or physical distress and would continue to experience deterioration of her ability to function independently and was unable to make a rational and informed decision as to whether or not to submit to treatment;

(6) the trial court erred in committing appellant to Kerrville State Hospital because there was insufficient evidence that, as a result of mental illness, she was likely to cause serious harm to herself, or that she was likely to cause serious harm to others, or that she would, if not treated, continue to suffer severe and abnormal mental, emotional or physical distress and would continue to experience deterioration of her ability to function independently and was unable to make a rational and informed decision as to whether or not to submit to treatment;

(7) even if appellant was properly found to meet the criteria for court-ordered mental health services, the trial court erred in determining that Kerrville State Hospital was the least restrictive available alternative setting for mental health treatment; and

(8) appellant was wrongfully deprived of a valid jury trial in violation of the Texas Constitution and the Mental Health Code.

For the reasons set forth hereafter, we do not reach the merits of any of these points of error. Instead, we agree with appellee that the district court, from which this appeal purports to come, lacked jurisdiction over the matter. Accordingly, we dismiss the appeal for want of jurisdiction.

■ The mandatory language of article 5547–57 of the Mental Health Code provides that "[a]ll appeals from orders requiring court-ordered mental health services, *including renewals* or modifications of such orders, shall be filed in the court of appeals for the county in which the order was entered." Article 5547–41 of the Code, the construction of which is at issue in this appeal, allows for transfer of mental health proceedings from the county court in certain circumstances, as follows:

Where a proceeding is *to be held* in the county court under Section 40 of this code and the county judge of that court is not a licensed attorney, the person or his attorney may request that such proceeding be transferred to a court with a judge that is an attorney licensed to practice law in this state. The proceeding shall then be transferred by the county judge to such court and be heard as if originally filed in such court.

TEX.REV.CIV.STAT.ANN. art. 5547–41 (Vernon Supp.1991) (emphasis added). The construction of the Mental Health Code is governed by the Code Construction Act (article 5429b–2). The plain reading of the phrase "to be held", as utilized in the foregoing section, contemplates a prospective proceeding to be conducted in the future, and must be read together with the provision that the person or his attorney may then request the transfer of the proceeding to a court with a judge who is a licensed attorney. No provision exists in the Mental Health Code for commencing a mental health proceeding in the county court; completing a jury trial in the county court; filing a motion for rehearing of the decision in the county court; and then belatedly filing a motion for transfer of the case to a

court presided over by a judge licensed to practice law, i.e., a district court. Appellant, in filing the motion to transfer the proceeding to the district court *after* completion of the hearing in the county court on renewal of extended mental health services, has apparently confused previously-existing dictum in judicial decisions construing the former Mental Health Code, asserting an entitlement to a trial de novo from the county court to the district court. *See Connolly v. Eidinoff,* 442 S.W.2d 415 (Tex.Civ.App.—Tyler), writ ref'd, 446 S.W.2d 5 (Tex.1969); *Vail v. Vail,* 438 S.W.2d 115 (Tex.Civ.App.—Waco 1969, no writ). No provision for appeal between the county court and the district court is in effect in the present Mental Health Code, nor is any provision made for consideration by the district court of a motion for rehearing filed in regard to a proceeding heard originally in the county court. The only provision for the appeal from an order requiring court-ordered mental health services, as previously noted, lies under article 5547–57, requiring that all such appeals "shall be filed in the court of appeals for the county in which the order was entered." Article 5547–57(b) provides that the "notice of appeal shall be filed within 10 days from the date any such order is signed." Unfortunately, the notice of appeal in the instant case was filed in the district court, which had never considered the merits of the proceedings; as such, the notice of appeal was a nullity.

At best, appellant's post-trial tactics would appear to constitute blatant forum-shopping, which is not to be condoned. The attempt by appellant to divest the county court of jurisdiction over the instant mental health proceeding once it had been commenced in that court and prior to that court's ruling on the pending motion for rehearing was a nullity, as was the ensuing order of the county court which transferred the case to the district court of Kerr County. Moreover, because the district court never took any judicial action in this matter, other than the ministerial act of the court clerk's docket notation of the purported transfer of the case from the county court, there is no appealable order or judg-

ment of the district court, from which this appeal could properly arise, and the appellant's attempted notice of appeal is, therefore, from a void order.

Accordingly, this court is without jurisdiction to consider the merits of the attempted appeal, and without considering the grounds set forth in appellant's eight points of error, we dismiss this appeal for want of jurisdiction, with instructions that the trial court vacate his order transferring the proceedings to the 216th District Court.

The appeal is dismissed for want of jurisdiction.

PEEPLES, J., concurs in result.