TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00306-CV






Jacquelyn Goodman, Walter Brown, Gail Gemberling and Scott Roberts Appellants


v.



The Summit at West Rim, Ltd.; Weaver Interests, Inc.; and Evans P. Weaver, Individually,
Appellees





NO. 03-96-00307-CV






City of Austin, Texas and Planning Commission of the City of Austin, Texas/The Summit at
West Rim, Ltd.; Weaver Interests, Inc.; and Evans P. Weaver, Individually, Appellants



v.



The Summit at West Rim, Ltd.; Weaver Interests, Inc.; and Evans P. Weaver,
Individually/The City of Austin, Texas; The Planning Commission of the City of Austin,
Texas; Walter Brown; Gail Gemberling; Scott Roberts; Jacquelyn Goodman; Don Bosse;
Bob Cline; Richard Huffman; Brooks Kasson; Darrell W. Pierce; and Cathy Vasquez-Revilla,
Appellees





FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY


NO. 59-606-A, HONORABLE GUY HERMAN, JUDGE PRESIDING 






 These associated appeals arise out of claims filed by The Summit at West Rim, Ltd.,
Weaver Interests, Inc., and Evans P. Weaver against the City of Austin, the Planning Commission of the
City of Austin, and Planning Commission members Walter Brown, Gail Gemberling, Scott Roberts,
Jacquelyn Goodman, Don Bosse, Bob Cline, Richard Huffman, Brooks Kasson, Darrell W. Pierce, and
Cathy Vasquez-Revilla. On April 1, 1996, the probate court signed an order dismissing the cause for want
of subject matter jurisdiction and transferring it to district court. The City of Austin, the Planning
Commission of the City of Austin, Walter Brown, Gail Gemberling, Scott Roberts, and Jacquelyn
Goodman (collectively "the third-party defendants") and The Summit at West Rim, Ltd., Weaver Interests,
Inc., and Evans P. Weaver (collectively "Weaver") perfected appeals from that order. The third-party
defendants challenge the portion of the order transferring the cause to district court. Weaver challenges
the portion of the order dismissing the cause for want of subject matter jurisdiction. We will modify the
probate court's order and affirm it as modified.


THE CONFLICT


 This litigation began as a probate matter in 1992 when the executrix of the estate of Frances
Larson Ledbetter sued Weaver to clear title to property it claimed to own. Ownership was disputed
because Weaver had entered into a contract to purchase the property from Ledbetter. The purchase was
conditioned on Weaver taking certain steps towards developing the property and receiving certain
development approvals from the City of Austin. The estate alleged that Weaver had not done so. 

 Weaver countersued the estate and a co-owner of the property for specific performance
because he claimed to have substantially performed under the contract. He also filed a third-party action
against the City, claiming that it had hindered him from obtaining necessary development approvals. 
Weaver prayed for a mandamus directing the City to approve the revised preliminary plan, and, since he
had performed under the contract, he prayed that the court require the sellers to convey the property to
him in accordance with their contract. He also sued the third-party defendants for money damages, alleging
that they were liable to him for wrongfully hindering issuance of the permits.

 The probate court chose to exercise ancillary jurisdiction over the third-party claims,
pursuant to Texas Probate Code section 5A(d). (1) Tex. Prob. Code Ann. § 5A(d) (West Supp. 1997). 
By December 21, 1995, the probate court had dismissed all claims by and against the estate. At that
point, the only unresolved claims in the probate court were Weaver's third-party claims against the City,
the Planning Commission, and the individual commission members.

 The third-party defendants then moved to dismiss the claims without prejudice on the
ground that the probate court lacked subject matter jurisdiction to consider an ancillary claim after the
underlying claim involving the estate had been settled. The probate court, agreeing, dismissed the claims
but ordered them transferred to the district court.


ANALYSIS


I.  Loss of Jurisdiction


 The third-party defendants argue that regardless whether the probate court properly
exercised jurisdiction over Weaver's third-party actions, the probate court lost whatever jurisdiction it may
have had when the estate settled. We agree. And, because we determine that the probate court lost
jurisdiction over the ancillary causes when the estate settled, we need not determine whether the probate
court properly exercised ancillary or pendent jurisdiction over the third-party defendants.

 A court may exercise only the jurisdiction accorded it by the constitution or by statute. 
City of Beaumont v. West, 484 S.W.2d 789, 791 (Tex. Civ. App.--Beaumont 1972, writ ref'd n.r.e.). 
Subject matter jurisdiction may not be enlarged by an agreement between the parties or by a request that
the court exceed its powers. Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 445 (Tex.
1993); Burke v. Satterfield, 525 S.W.2d 950, 953 (Tex. 1975). A probate court is a specialized court
that exists primarily for the limited purpose of administering decedents' estates. See generally Tex. Prob.
Code §§ 5, 5A (West Supp. 1997).

 Weaver cites a line of cases for the proposition that a court does not lose subject matter
jurisdiction once it attaches. Although that may be generally true, we believe the general rule does not
apply in this situation. Loss of jurisdiction is characteristic of specialized courts. See In re Estate of
Hanau, 806 S.W.2d 900, 904 (Tex. App.--Corpus Christi 1991, writ denied) (court lost jurisdiction to
remove independent executrix after estate was closed). Likewise, federal district courts routinely lose
jurisdiction over ancillary state claims if the federal claim conferring jurisdiction is dismissed before trial. 
See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988); United Mine Workers of Am. v. Gibbs,
383 U.S. 715 (1966).

 In Texas, the pendency of a probate proceeding is a requisite for a court's exercise of
jurisdiction over matters related to it. In Bailey v. Cherokee County Appraisal District, 862 S.W.2d 581
(Tex. 1993), the Texas Supreme Court stated that a trial court must have a probate case pending to
exercise its jurisdiction over matters "incident to an estate." See also In re Estate of Hanau, 806 S.W.2d
at 904 (court lost jurisdiction to remove independent executrix after estate was closed). We hold that the
probate court may only exercise "ancillary" or "pendent" jurisdiction over a claim that bears some
relationship to the estate. Once the estate settles, the claim is "ancillary" or "pendent" to nothing, and the
court is without jurisdiction.

 An analogous situation occurs in cases in which a court loses jurisdiction over an
indispensable party. The court in which the proceeding was pending loses subject matter jurisdiction over
the cause when an indispensable party is nonsuited. Travis Heights Improvement Ass'n v. Small, 662
S.W.2d 406, 413 (Tex. App.--Austin 1983, no writ); see also Royal Petroleum Corp. v. McCallum,
135 S.W.2d 958 (Tex. 1940). Similarly, we hold that the estate is an "indispensable party" to any
proceeding in the probate court. The estate's presence is required for the determination of any proceeding
that is ancillary or pendent to an estate.

 Most of the cases Weaver cites for the proposition that subject matter jurisdiction cannot
be lost involve amount-in-controversy requirements. See, e.g., Mr. W. Fireworks, Inc. v. Mitchell, 622
S.W.2d 576, 577 (Tex. 1981) (trial court had jurisdiction to render judgment greater than jurisdictional
limits since attorney's fees increased during trial of case); Flynt v. Garcia, 587 S.W.2d 109, 109-110
(Tex. 1979) (trial court did not lose jurisdiction over case despite fact that amount in controversy grew
beyond the court's jurisdictional limits). We distinguish these cases on the basis that they involved original,
rather than ancillary, jurisdiction. The courts in question undoubtedly had jurisdiction over the type of
proceeding involved; the fact that the amount in controversy increased over time would not complicate or
extend the proceeding. Conversely, the probate court's consideration of tort and civil rights actions would
complicate the probate proceeding and could interfere with the probate court's primary responsibility to
administer estates. 

 The probate court had discretion to resolve ancillary claims against third parties only to the
extent that such claims were necessary to resolve claims within its original jurisdiction. Any such discretion
arguably vanished with the settlement and dismissal of the claim conferring original jurisdiction, which was
the estate's original claim against Weaver. The court's discretion undoubtedly vanished with the dismissal
of the estate from the probate court proceeding.

 We conclude that the probate court had no discretion to continue to exercise ancillary
jurisdiction over the third-party defendants after it dismissed the estate from the proceeding. We overrule
Weaver's single point of error in cause number 03-96-00307-CV and two cross-points of error in cause
number 03-96-00306-CV.


II.  Transfer to District Court

 We next decide whether the probate court may transfer a cause that it has dismissed for want of
subject matter jurisdiction to a district court. We hold that the portion of the order purporting to transfer
the cause to district court is void for two reasons: first, because the probate court has no statutory authority
to transfer a cause to district court, and second, because the probate court cannot transfer a cause that it
has dismissed for want of subject matter jurisdiction.


 A.  Statutory Authority to Transfer Cause

 No statute authorizes the probate court to transfer this cause to district court. Travis
County Probate Court No. 1 is a "statutory probate court." See Texas Gov't Code Ann. § 25.2291(c)
(West Supp. 1997). (2) It exercises the powers accorded it in Texas Probate Code sections 5 and 5A, and
in Texas Government Code section 25.2293. Tex. Prob. Code Ann. §§ 5, 5A; Tex. Gov't Code Ann.
§ 25.2293. Although several statutes give different courts power to transfer to other courts, none of the
sections give a statutory probate court a general power to transfer a cause to the district court, much less
to transfer a cause no longer pending in the probate court.

 Texas Probate Code section 5(b) provides that where there is no statutory court exercising
the jurisdiction of a probate court, the county court may transfer a probate proceeding to district court,
with that judge's permission. Tex. Prob. Code Ann. § 5(b) (West Supp. 1997). Also, Texas Probate
Code section 5(c) provides that a constitutional county court may transfer a proceeding to the statutory
court exercising the jurisdiction of a probate court. Id. § 5(c). But neither section 5(b) nor section 5(c)
authorize a statutory probate court to transfer a proceeding to district court. See Meek v. Mitchusson,
588 S.W.2d 665, 666 (Tex. Civ. App.--Eastland 1979, writ ref'd n.r.e.) (county court order transferring
contested probate matter to district court void because Texas Probate Code section 5(b) provides that
transfer can be made only where no statutory court exercises jurisdiction of probate court, and in that case
county court was statutory court exercising jurisdiction of probate court).

 Finally, Texas Government Code section 74.121 provides that the "judge of a statutory
county court may transfer a case to the docket of the district court, except that a case may not be
transferred without the consent of the judge of the court to which it is being transferred and may not be
transferred unless it is within the jurisdiction of the court to which it is transferred." Tex. Gov't Code Ann.
§ 74.121 (West Supp. 1997). But Texas Government Code section 21.009(2) excludes a statutory
probate court from the definition of "statutory county court." (3) Id. § 21.009(2); see also Tex. Gov't Code
Ann. § 25.2291 (West Supp. 1997) (distinguishing a "statutory probate court" from a "statutory county
court"). Therefore, section 74.121 does not authorize Probate Court No. 1 to transfer a cause to a district
court.

 Weaver argues that the court has implied or inherent power to transfer. He cites Texas
Government Code section 21.001(a) and Eichelberger v. Eichelberger, 582 S.W.2d 395, 398 (Tex.
1979), both of which state that a court may take acts necessary to preserve its jurisdiction. (4) We have
found no Texas case holding that a court has an inherent right to make decisions determining the rights of
the litigants, and then to transfer the cause to another court, which presumably would be bound by the
earlier decisions. Conversely, several Texas courts, including this one, have held that a court may not
transfer a cause in the absence of a statute so authorizing. See Milton v. Herman, No. 03-97-00082-CV (Tex. App.--Austin June 26, 1997, orig. proceeding) (conditionally issuing mandamus because
probate court's order transferring cause to itself was void); DB Entertainment, Inc. v. Winkle, 927
S.W.2d 283 (Tex. App.--Fort Worth 1996, orig. proceeding) (conditionally issuing mandamus because
probate court's order transferring cause to itself was void); In re L.L., 821 S.W.2d 247, 250 (Tex.
App.--San Antonio 1991, writ denied) (district court lacked jurisdiction over cause transferred to it from
county court after jury trial had been completed because no statute authorized transfer); Meek, 588
S.W.2d at 666 (county court order transferring contested probate matter to district court void because
Texas Probate Code section 5(b) provides that the transfer can be made only where there is no statutory
court exercising jurisdiction of probate court).


 B. Probate Court's Authority to Transfer After a Dismissal for Want of Subject Matter 
Jurisdiction


 Further, a court has no authority to act on a matter it has dismissed for want of subject
matter jurisdiction. Because the probate court did not have jurisdiction over the claims against the third-party defendants, the probate court had no power to take any act with respect to those claims other than
to dismiss. See Attorney Gen. of Tex. v. Sailer, 871 S.W.2d 257, 258 (Tex. App.--Houston [14th
Dist.] 1994, writ denied) (once court determines it does not have jurisdiction, it can only dismiss and has
no power to dismiss with prejudice); Lopez v. Public Util. Comm'n, 816 S.W.2d 776, 783-784 (Tex.
App.--Austin 1991, writ denied) (if court has no jurisdiction, court can only dismiss and cannot order that
plaintiff take nothing); Brown v. Prairie View A & M Univ., 630 S.W.2d 405, 410 (Tex. App.--Houston
[14th Dist.] 1982, writ ref'd n.r.e.); Berger v. Berger, 497 S.W.2d 453, 454 (Tex. Civ. App.--El Paso
1973, no writ) (if court has no jurisdiction it has no ability to pass on merits of case); see also Qwest
Microwave, Inc. v. Bedard, 756 S.W.2d 426 (Tex. App.--Dallas 1988, orig. proceeding) (probate court
has no jurisdiction to transfer when it does not have jurisdiction over proceeding). We conclude that the
probate court did not have the power to transfer the cause to district court. 

 We sustain Walter Brown's, Gail Gemberling's, Scott Roberts's, and Jacquelyn
Goodman's cross-point of error in cause number CV-96-00307 and single point of error in cause number
CV-96-00306, both of which challenge the probate court's transfer of the cause to district court. We also
sustain the City's and the Planning Commission's cross-point of error in cause number CV-96-00307.


CONCLUSION


 We strike as void the portion of the probate court's judgment that purports to transfer the
cause to district court and affirm the order as modified. Because of our disposition on the merits, we
dismiss the commission members' motion to strike Weaver's cross appeal in cause number 03-96-00306-CV



. 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Powers and Jones

Modified and, as Modified, Affirmed on Both Causes

Filed: September 11, 1997

Publish
1. Section 5A provides in relevant part:


(b)  In proceedings in the statutory probate courts and district courts, the phrase
"appertaining to estates" and "incident to an estate" in this Code include the probate of
wills, the issuance of letters testamentary and of administration, and the determination of
heirship, and also include, but are not limited to, all claims by or against an estate, all
actions for trial of title to land and for the enforcement of liens thereon, all actions for trial
of the right of property, all actions to construe wills, the interpretation and administration
of testamentary trusts and the applying of constructive trusts, and generally all matters
relating to the settlement, partition, and distribution of estates of deceased persons. All
statutory probate courts may, in the exercise of their jurisdiction, notwithstanding any other
provisions of this Code, hear all suits, actions and applications filed against or on behalf of
any heirship proceeding or decedent's estate, including estates administered by an
independent executor. This subsection shall be construed in conjunction with and in
harmony with Section 145 and all other sections of this Code dealing with independent
executors, but shall not be construed so as to increase permissible judicial control over
independent executors. All statutory probate courts shall have the same powers over
independent executors that are exercisable by the district courts. In situations where the
jurisdiction of a statutory probate court is concurrent with that of a district court, any cause
of action appertaining to estates or incident to an estate shall be brought in a statutory
probate court rather than in district court.


(c)  A statutory probate court has concurrent jurisdiction with the district court in all
actions:


 (1)  by or against a person in the person's capacity as a personal representative;

 (2)  involving an inter vivos trust;

 (3)  involving a charitable trust; and

 (4)  involving a testamentary trust.


(d)  A statutory probate court may exercise the pendent and ancillary jurisdiction necessary
to promote judicial efficiency and economy.


(e)  Subsections (c) and (d) apply whether or not the matter is appertaining to or incident
to an estate.


Tex. Prob. Code Ann. § 5A(d) (West Supp. 1997).
2. Section 25.2293 provides that the statutory probate court in Travis County has the powers
accorded a probate court by section 25.0021 (which includes the powers in sections 5 and 5A over
matters incident to an estate, causes by or against a personal representative, and pendent and ancillary
jurisdiction), jurisdiction concurrent with the county court to hear certain mental health proceedings, eminent
domain jurisdiction, and pendent and ancillary jurisdiction necessary to promote judicial efficiency and
economy. Tex. Gov't Code Ann. § 25.2293 (West Supp. 1997).
3. Section 74.121, which provides that the statutory county court may transfer a case to the docket
of the district court, was added in 1989. Act of May 29, 1989, 71st Leg. R.S., ch. 646, § 16, 1989 Tex.
Gen. Law 2134, 2138. At the time it was added, section 21.009(2) included a statutory probate court
in the definition of "statutory county court." However, section 21.009(2) was amended in 1991 to
specifically exclude a statutory probate court from the definition of statutory county court. Act of May 19,
1991, 72d Leg. R.S., ch. 394, § 1, 1991 Tex. Gen. Law 1506, 1507.


 Although section 21.009(a) limits application of its definitions to that chapter, no other definition
of a "statutory county court" appears in the code nor is there any indication that the legislature is using the
word in another sense. We believe it is proper to cite section 21.009(2) for the proposition that a statutory
probate court is not included in the definition of a county court. L & M Surco Mfg., Inc. v. Winn Tile
Co., 580 S.W.2d 920, 926 (Tex. Civ. App.--Tyler 1979, writ dism'd) (court may take into consideration
meaning of same language used elsewhere in act unless there is indication that different meaning was
intended); see also Palmer v. Coble Wall Trust Co., 851 S.W.2d 178, 180 n.3 (Tex. 1992).
4.   Section 21.001(a) provides, "A court has all powers necessary for the exercise of its jurisdiction
and the enforcement of its lawful orders, including authority to issue the writs and orders necessary or
proper in aid of its jurisdiction." Tex. Gov't Code Ann. § 21.001(a) (West 1988).



s, the phrase
"appertaining to estates" and "incident to an estate" in this Code include the probate of
wills, the issuance of letters testamentary and of administration, and the determination of
heirship, and also include, but are not limited to, all claims by or against an estate, all
actions for trial of title to land and for the enforcement of liens thereon, all actions for trial
of the right of property, all actions to construe wills, the interpretation and administration
of testamentary tru