

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

April 17, 2017

The Honorable Nicholas "Nico" LaHood
Bexar County Criminal District Attorney
101 West Nueva, 7th Floor
San Antonio, Texas 78205-3030

Opinion No. KP-0141

Re: Authority to appoint associate judges to preside over proceedings for court-ordered mental health services pursuant to section 574.0085 of the Health and Safety Code (RQ-0135-KP)

Dear Mr. LaHood:

You request an opinion addressing which public official appoints associate judges pursuant to subsection 574.0085(a) of the Health and Safety Code.[1] Chapter 574 of the Health and Safety Code governs court-ordered mental health services. *See* TEX. HEALTH & SAFETY CODE §§ 574.001–.203. Through this chapter, the Legislature authorized certain judges to commit individuals to involuntary psychiatric care in specific circumstances. *See id.* §§ 574.034–.035 (authorizing a judge to order a proposed patient to receive court-ordered inpatient mental health services upon making certain findings). Specifically, the law requires that the "statutory or constitutional county court that has the jurisdiction of a probate court in mental illness matters" conduct the proceedings for court-ordered mental health services. *Id.* § 574.008(a). In addition, the Legislature authorized the appointment of associate judges to preside over such proceedings:

> The county judge may appoint a full-time or a part-time associate judge to preside over the proceedings for court-ordered mental health services if the commissioners court of a county in which the court has jurisdiction authorizes the employment of an associate judge.

*Id.* § 574.0085(a). You ask about the meaning of the term "county judge" as used in this provision. Request Letter at 1. You explain that it could mean the presiding officer of the county commissioners court or, alternatively, the presiding judge of the county probate court with jurisdiction over mental illness matters. *Id.* at 2–4.

---

[1]*See* Letter from Honorable Nicholas "Nico" LaHood, Bexar Cty. Crim. Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Oct. 12, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

Texas law establishes both constitutional and statutory county courts, and the presiding officers of both can be referred to as "county judges." *See, e.g.*, TEX. HEALTH & SAFETY CODE § 574.0085(b) (explaining that persons eligible to serve as an associate judge include "a retired county judge, statutory or constitutional"); TEX. EST. CODE § 22.007(b) (defining "county court" for purposes of the Estates Code to include both constitutional and statutory courts with probate jurisdiction). With regard to constitutional county courts, article V, section 15 of the Texas Constitution establishes a "County Court" for each county and the position of "County Judge" to preside over those courts. TEX. CONST. art. V, § 15. The constitutional county court judge also serves as presiding officer of the county commissioners court. *Id.* art. V, § 18(b). These courts are commonly referred to as "constitutional county courts" to distinguish them from county-level courts created by statute. *See Tex. Pipe Line Co. v. Hunt*, 228 S.W.2d 151, 153 (Tex. 1950) (referring to courts created by article V, section 15 as "constitutional county courts"). Constitutional county courts have "jurisdiction as provided by law," including concurrent jurisdiction with justice courts and district courts in some civil cases. TEX. CONST. art V, § 16; *see also* TEX. GOV'T CODE §§ 26.041 (explaining that a constitutional county court has jurisdiction conferred by subchapter D, chapter 26 of the Government Code and other law), .042 (outlining the general civil jurisdiction of the constitutional county court). Relevant to your request, some but not all constitutional county courts have jurisdiction over mental health proceedings. *See* TEX. GOV'T CODE § 26.052(b) (authorizing the constitutional county court judge to elect not to have jurisdiction over mental health proceedings).

Chapter 25 of the Government Code establishes statutory county courts. *See id.* §§ 25.0001–.2702; *see also* TEX. CONST. art. V, § 1 (authorizing the Legislature to "establish such other courts as it may deem necessary"). Statutory county courts may have "jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts." TEX. GOV'T CODE § 25.0003(a). "The judge of a statutory county court may appoint the personnel necessary for the operation of the court . . . if the commissioners court has approved the creation of the position." *Id.* § 25.0010(e). In addition to general statutory county courts, the Legislature established statutory probate courts, which have jurisdiction over probate matters and certain proceedings instituted under the Health and Safety Code. *Id.* § 25.0021. Some but not all statutory county courts have jurisdiction over mental health proceedings under the Mental Health Code. *See* TEX. HEALTH & SAFETY CODE § 574.008(a) (explaining that proceedings under the Mental Health Code must be held in the county court with jurisdiction of a probate court in mental illness matters). "In a county in which there is a statutory probate court, the statutory probate court has exclusive jurisdiction of all probate proceedings" and mental health proceedings. TEX. EST. CODE § 32.005(a); *see also* 48B Robert P. Schuwerk & Lillian B. Hardwick, *Texas Practice Series: Tex. Lawyer & Judicial Ethics* § 40.61 (2016 ed.) (explaining that statutory probate courts have exclusive jurisdiction over mental health commitments in the counties where such courts exist).

Chapter 574 of the Health and Safety Code does not define "county judge." Given that the term is capable of multiple meanings, we must construe the statute to effectuate the Legislature's intent. *See Liberty Mut. Ins. Co. v. Adcock*, 412 S.W.3d 492, 494 (Tex. 2013) (explaining that the "primary objective in construing a statute is to ascertain and give effect to the Legislature's intent"). In doing so, we must construe the words of the statute in the context of its surrounding provisions. *In re Office of the Att'y Gen.*, 456 S.W.3d 153, 155–56 (Tex. 2015); *Jaster v. Comet II*

*Constr., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014) ("While we must consider the specific statutory language at issue, we must do so while looking to the statute as a whole.").

Section 574.008 of the Health and Safety Code provides that proceedings for court-ordered mental health services and post-commitment proceedings "must be held in the statutory or constitutional county court that has the jurisdiction of a probate court in mental illness matters." TEX. HEALTH & SAFETY CODE § 574.008(a). The next section, the one about which you ask, provides that the "county judge may appoint . . . [an] associate judge to preside over the proceedings for court-ordered mental health services if the commissioners court of a county in which the *court has jurisdiction* authorizes the employment of an associate judge." *Id.* § 574.0085(a) (emphasis added). Reading the provisions as a whole, the "court" refers to the statutory or constitutional county court that has jurisdiction of mental illness matters, and "county judge" consequently refers to the judge of that court.[2] Consistent with this construction, subsection (d) further provides that "[a]n associate judge who serves a single court serves *at the will of the judge of that court*." *Id.* § 574.0085(d) (emphasis added). Thus, read in the full context of these sections, a court would likely conclude that "county judge," as used in subsection 574.0085(a), refers to the statutory or constitutional county court judge with jurisdiction over mental illness matters.[3]

Subchapter C, Chapter 54A of the Government Code, which relates to the appointment of statutory probate court associate judges, supports this construction. That subchapter authorizes

---

[2]You direct us to *In re L.L.*, 821 S.W.2d 247 (Tex. App.—San Antonio 1991, writ denied), and suggest the court in that case construed the term "county judge" as the constitutional county court judge and that we should do likewise. *In re L.L.* involved the predecessor statute to subsection 574.008(b), which at the time stated:

> Where a proceeding is to be held in the county court under Section 40 of this code and the county judge of that court is not a licensed attorney, the person or his attorney may request that such proceeding be transferred to a court with a judge that is an attorney licensed to practice law in this state. The proceeding shall then be transferred by the county judge to such court and be heard as if originally filed in such court.

*Id.* at 249. *In re L.L.* involved a request to transfer mental health proceedings from the constitutional county court to a court with a judge who was a licensed attorney, and you are correct that in that case the "county judge" transferring the case was the constitutional county court judge. *Id.* at 248. However, no language in the decision purports to construe the term "county judge" or suggests the phrase could not also be applied to statutory county court judges when appropriate.

[3]You suggest that because section 574.0085 "only contemplates a single party having the authority to appoint associate judges," and because an associate judge may serve more than one judge, the phrase must refer to the single presiding officer of the commissioners court. Request Letter at 4. However, along with the possibility of serving multiple courts, an associate judge may, in some instances, serve multiple counties. *See* TEX. HEALTH & SAFETY CODE § 574.0085(c). In such instances, multiple county judges—regardless of whether that term refers to the presiding officer of the commissioners court or the presiding judge of the court with jurisdiction over mental illness matters—will appoint the associate judge. The fact that the Legislature chose to make the term "county judge" singular in section 574.0085(a) is therefore not dispositive to the question you raise. *See* TEX. GOV'T CODE § 311.012(b) (explaining that in construing words and phrases in a statute, "[t]he singular includes the plural and the plural includes the singular").

the judge of a statutory probate court to appoint associate judges to hear "any aspect of a suit over which the probate court has jurisdiction." TEX. GOV'T CODE § 54A.207(a); *see also id.* § 54A.203. Significant to your question, an associate judge appointed pursuant to subchapter C "may serve as an associate judge appointed under Section 574.0085, Health and Safety Code." *Id.* § 54A.203(e). Construing section 574.0085(a) to authorize the judge of the constitutional county court to appoint the associate judge rather than the judge of the statutory probate court, when one exists, would directly contradict this provision. *See In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 311 (Tex. 2010) (directing courts to construe statutes to harmonize with other relevant laws whenever possible); *City of Round Rock v. Rodriguez*, 399 S.W.3d 130, 137 (Tex. 2013) ("In construing a statute, . . . we presume that the Legislature acted with knowledge of the background law[.]"). Rather, section 54A.203 further demonstrates the Legislature's intent to authorize the judge with jurisdiction of a probate court over mental illness matters to appoint an associate judge under section 574.0085(a). *See* TEX. GOV'T CODE § 54A.203.

The predecessor statutes to the current Mental Health Code also support this construction. Prior to its codification in the Health and Safety Code, the Mental Health Code expressly defined both county court and county judge: "The term 'county court' is used in this code to mean the 'probate court' or the court having probate jurisdiction, and the term 'county judge' means the judge of such court."[4] In 1991, the Legislature adopted "a nonsubstantive revision of the statutes relating to mental health."[5] While the Legislature did not preserve the express definitions of county court and county judge in the recodification, the statutes as revised do not change the meaning of those terms as historically used in relation to the Mental Health Code. *See id.* § 311.023(4) ("In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider . . . former statutory provisions, including laws on the same or similar subjects[.]").

---

[4]Act of Apr. 21, 1983, 68th Leg., R.S., ch. 47, § 1, sec. 10, 1983 Tex. Gen. Laws 211, 215–16, *repealed by* Act of Apr. 29, 1991, 72d Leg., R.S., ch. 76, § 19, 1991 Tex. Gen. Laws 515, 647.

[5]Act of Apr. 29, 1991, 72d Leg., R.S., ch. 76, § 1, 1991 Tex. Gen. Laws 515, 515.

## SUMMARY

A court would likely conclude that the statutory or constitutional county court judge with jurisdiction over mental illness matters has authority to appoint the associate judge under subsection 574.0085(a) of the Health and Safety Code.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee