## ST. LOUIS FEDERAL SAVINGS & LOAN ASSOCIATION, et al., Appellants,

v.

## SUMMERHOUSE JOINT VENTURE, a Texas Joint Venture, et al., Appellees.

### No. 13–87–282–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 24, 1987.

Todd A. Hunter, Corpus Christi, Michael F. Pezzulli, Dallas, for appellants.

Lance Bruun, Corpus Christi, Steve Stewart, Houston, for appellees.

## OPINION

PER CURIAM.

An order granting a temporary injunction in Tr.Ct. No. 86–6503–C was signed by the trial court on June 2, 1987. A certificate of deposit in lieu of bond was filed on June 29, 1987. Pursuant to Tex.R.App.P. 42(a)(3), the deadline for filing such certificate in lieu of bond was June 22, 1987. Appellant has not timely perfected an appeal, accordingly, we dismiss the appeal for want of jurisdiction.

On July 7, 1987, appellants filed a motion to extend the time for filing the cost bond. Appellants state in their motion that they did not receive written notification that a

judgment had been signed. However, on June 11, 1987, they were orally informed by the clerk of the trial court that an order had been signed on June 9, 1987. Appellants calculated the appeal dates from June 9, 1987, and filed the deposit in lieu of bond on June 29, 1987. Appellants argue that they did not receive notice of the actual date of signing (June 2, 1987), until June 29, 1987, more than twenty (20) days after the date of signing, and appellants request this Court, pursuant to Tex.R.App.P. 5(b)(4), to extend the time for perfecting the appeal until June 29, 1987.

Rules 5(b)(4) reads as follows:

(4) *No Notice of Judgment.* If within twenty days after the judgment or other appealable order is signed in a civil case, a party adversely affected by it or his attorney has neither received the notice required by subparagraph (b)(3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in subparagraph (b)(1) except the period for filing a petition for writ of error shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall·such periods begin more than ninety days after the original judgment or other appealable order was signed.

The order in this cause was signed on June 2, 1987, and appellants state in their motion that they received knowledge of the signing of the order on June 11, 1987. Therefore, the Court is of the opinion that appellants had knowledge of the signing of the order within twenty days of the date of signing, and that Rule 5 is not applicable in this case.

In addition, pursuant to Tex.R.App.P. 42(a)(3), the appeal bond in accelerated appeals is due within twenty days after the judgment or order is signed. The certificate in lieu of bond in this cause was filed seven days late. Rule 42 makes no provision for extensions of time to perfect the appeal in an *accelerated* appeal. *See Brogdon v. Ruddell,* 717 S.W.2d 675 (Tex.App.—Texarkana 1986, writ ref'd n.r.e.); *Pinkston v. Victoria Bank & Trust Co.,* 210 S.W.2d 612 (Tex.Civ.App.—San Antonio 1948, no writ). Accordingly, the Court is of the opinion that appellant's motion for extension of time to file bond and motion for extension of time to file transcript and statement of facts should be dismissed and that the appeal should be dismissed for want of jurisdiction. The appeal is hereby DISMISSED FOR WANT OF JURISDICTION.