1. The Corpus Christi court, in *St. Louis Federal Savings & Loan Association v. Summerhouse Joint Venture*, 739 S.W.2d 441 (Tex.App.—Corpus Christi 1987, no writ), held for the same proposition. The case they relied on in making

It further appearing to this Court that appellant's motion to publish our opinion is well taken, that motion is granted. Both our opinion dated May 30, 1989 and this opinion are ordered published.

**Jan ROSANKY A/K/A Jan Dean, Appellant,**

v.

**SEAL–PAC PROFESSIONAL SERVICES, INC., Appellee.**

No. B14–89–00398–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 8, 1989.

Bruce A. Coane, David S. Masquelette, Houston, for appellant.

Stephen H. DonCarlos, Baytown, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

PER CURIAM.

This is an appeal from an order granting a temporary injunction.

The judgment was signed on March 9, 1989. The time for filing the cost bond expired on March 29, 1989. Tex.R.App.P. 42(a)(3). Cash in lieu of bond was filed on April 24, 1989. Appellant filed no motion to extend time to file the cash deposit. In an accelerated appeal, however, there is no provision for an extension of time to perfect the appeal.[1] Tex.R.App.P. 42. Since

the ruling, *Brogdon v. Ruddell*, 717 S.W.2d 675 (Tex.App.—Texarkana 1986, writ ref'd n.r.e.), relied on cases that were handed down *before* there was any provision in the rules for an extension of time in ordinary appeals.

there is no provision, time can not be extended to file the bond. Failure to timely file the cash deposit is jurisdictional. This court, therefore, has no authority to consider the appeal.

On May 12, 1989, notification was transmitted to all parties of the Court's intent to dismiss the appeal for want of jurisdiction. Tex.R.App.P. 42(a)(3), 40(a), 46, 60(a)(2). Appellant's response advances no argument to support a finding of jurisdiction.

Accordingly, the appeal is ordered dismissed.