Kenneth **REVIER**, Appellant,

v.

Ed S. **SPRAGINS**, Appellee.

No. 2–90–245–CV.

Court of Appeals of Texas, Fort Worth.

May 29, 1991.

Elton M. Montgomery, Graham, for appellant.

David Tate, Wichita Falls, for appellee.

Before WEAVER, C.J., and FARRIS and LATTIMORE, JJ., concur.

## OPINION DISMISSING APPEAL

LATTIMORE, Justice.

The issue in this case is whether the trial court's Order appointing a receiver for a corporation, pursuant to article 7.05 of the Texas Business Corporation Act, is an interlocutory appealable order as set forth in section 51.014 of the Texas Civil Practice and Remedies Code, thereby requiring mandatory acceleration under TEX.R.APP.P. 42(a)(1).

■ We hold that the "Order Appointing Receiver and Covering Related Matters" is an interlocutory appealable order, and appellant has failed to timely perfect his appeal as required by TEX.R.APP.P. 42(a)(3). Accordingly, appellant's appeal is dismissed pursuant to TEX.R.APP.P. 60(a)(2).

Appellee, Spragins, and appellant, Revier, each own 50% of the shares of stock in Western Well Service, Inc. Additionally, these individuals are the only directors of the corporation. Appellee brought this suit against appellant and Western Well Service, Inc. seeking to have the trial court appoint a receiver to rehabilitate the corporation. Appellee's request for appointment of a receiver and orders evolving therefrom was not made incidental to any other pending litigation. The trial court granted the requested relief, and entered an Order appointing a receiver to operate and conduct the business of Western Well Service, Inc.[1]

Appellant filed a cash deposit in lieu of bond, eighty-seven days after the trial court's Order was signed. If this appeal is considered an accelerated appeal, the cash deposit must have been filed within twenty days of the trial court's Order; if this is considered to be an ordinary appeal, it must have been perfected within ninety days after the Order was signed, inasmuch as a timely motion for new trial was filed by appellant. *See* TEX.R.APP.P. 42(a)(3) and 41(a)(1).

The Texas Rules of Appellate Procedure provide:

### RULE 42. ACCELERATED APPEALS IN CIVIL CASES

**(a) Mandatory Acceleration.**

(1) Appeals from interlocutory orders (when allowed by law) shall be accelerated. In appeals from interlocutory orders, no motion for new trial shall be filed. The trial judge need not file findings of fact and conclusions of law, but may file findings and conclusions within thirty days after the judgment is signed.

TEX.R.APP.P. 42(a)(1).

The Civil Practice and Remedies Code states, in pertinent part:

### § 51.014. Appeal From Interlocutory Order

A person may appeal from an interlocutory order of a district court, county court at law, or county court that:

(1) appoints a receiver or trustee;

(2) overrules a motion to vacate an order that appoints a receiver or trustee....

TEX.CIV.PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.1991).

Appellee requested appointment of a receiver under Article 7.05 of the Texas Business Corporation Act, which provides:

### Appointment of Receiver to Rehabilitate Corporation

A. A receiver may be appointed for the assets and business of a corporation by the district court for the county in which the registered office of the corporation is located, whenever circumstances exist deemed by the court to require the appointment of a receiver to

---

1. Western Well Service, Inc. has not appealed the trial court's Order.

conserve the assets and business of the corporation and to avoid damage to parties at interest, but only if all other requirements of law are complied with and if all other remedies available either at law or in equity, including the appointment of a receiver for specific assets of the corporation, are determined by the court to be inadequate, and only in the following instances:

    ....

    (b) That the directors are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock, and that irreparable injury to the corporation is being suffered or is threatened by reason thereof....

TEX.BUS.CORP.ACT ANN. art. 7.05(A)(1)(b) (Vernon 1980).

The receiver was appointed and ordered to file a bond in the amount of $100,000. He was further ordered to file an inventory of all corporate property within thirty days of his qualification. In summary, the trial court's Order also authorized the receiver to:

    Incur the risks and obligations ordinarily incurred by owners of similar businesses;

    Employ and discharge all personnel necessary for the operation of the business;

    Purchase and pay for merchandise and services; provided, however, that court approval must be had for the purchase of personal or real property where the market value exceeds $25,000; and

    Take possession of all deposits of the corporation; with the proviso that any corporate funds not expended for any of the authorized purposes shall be held by the receiver subject to such orders as the trial court may issue, except that the funds may be invested in U.S. government insured deposits with maturity no more than six months from date of purchase.

We previously notified the parties that a review of the record appeared to indicate that the appeal had not been timely perfected. Both parties have filed responses. Appellant's initial position is that this is a *final judgment on the merits* because the trial court's Order disposes of the only controverted issue framed by appellee's pleadings, and the appointment of a receiver was not sought ancillary to any other requested relief. Appellant asserts that the trial court's Order "has all of the indicia and manifestations of a *final judgment.*" [Appellant's emphasis.]

The basic rules with regard to determining finality of judgments are well established and were set out by the Texas Supreme Court:

    Absent certain exceptions not applicable here, appellate courts can review only final and definite judgments. A final judgment fully disposes of all issues and all parties in the lawsuit. *North East Independent School District v. Aldrige,* 400 S.W.2d 893 (Tex.1966).

    A judgment must [also] be sufficiently definite and certain to define and protect the rights of all litigants, or it must provide a definite means of ascertaining such rights, to the end that ministerial officers can carry the judgment to execution without ascertainment of facts not therein stated.

*Steed v. State,* [143 Tex. 82], 183 S.W.2d 458, 460 (Tex.1944). Thus, a judgment cannot condition recovery on uncertain events, or base its validity on what the parties might or might not do post-judgment.

    However, a judgment which settles all the legal issues and rights between the parties is final and appealable "though further proceedings may be necessary in the execution of it or some incidental or dependent matter may still remain to be settled." *Hargrove v. Insurance Investments Corporation,* [142 Tex. 111], 176 S.W.2d 744, 747 (Tex.1944).

*Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex. 1985) (per curiam). *See also Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890, 892 (1956) ("To be final a judgment must determine the rights of the parties and dispose of all the issues involved so that no future action by the court will be necessary in order to settle and determine the entire

controversy."). In determining whether a judgment is final, "Texas courts have always given consideration to the nature, form and effect of the judgment. In arriving at whether or not a judgment is final, the pleadings and evidence must also be taken into consideration...." *Ferguson v. Ferguson*, 161 Tex. 184, 338 S.W.2d 945, 947 (1960) (citations omitted); *accord Mac-Nelly v. Cameron Cty.*, 590 S.W.2d 182, 185 (Tex.Civ.App.—Corpus Christi.1979, no writ) (per curiam).

Contrary to appellant's assertion, the trial court's Order under consideration in our case does *not* fully dispose of all the issues in the lawsuit. In his petition, appellee sought more than the mere naming of a receiver. Appellee requested that the receiver be clothed "with such powers as are provided by law of general applicability relating to receivers and such other powers deemed appropriate by the court to accomplish the corporate management." As enumerated previously, the trial court's Order sets out very specifically what the receiver is authorized to do. The receiver is not given carte blanche authorization in his handling of the corporation's affairs. If the receiver intends to purchase or sell either real estate, or tangible personal property where the market value exceeds $25,000, the receiver must first obtain the approval of the trial court. Further, no investment of funds shall be made by the receiver in other than U.S. government insured deposits (with maturity no more than six months from date of purchase) without first obtaining the approval of the trial court. Lastly, the receiver is ordered to file an inventory of all property of which he takes possession.

The trial court's Order was merely the first step in the process of attempting to "conserve the assets and business of the corporation and to avoid damage to parties at interest," as provided by article 7.05 of the Business Corporation Act. The conclusion that the trial court's Order is an accel-erated interlocutory order gains support from a recitation in *Humble Exploration Co. v. Fairway Land Co.*, 641 S.W.2d 934 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). In *Humble*, plaintiffs filed an original petition seeking: appointment of a receiver under article 7.05 of the Business Corporation Act; a full accounting; and an award to each plaintiff of his share of the net proceeds of any oil sold. *Id.* at 936. The trial court in *Humble* appointed a receiver and Humble appealed. The opinion states it is an *"interlocutory appeal* under the authority of Article 2250, Tex.Rev.Civ.Stat. (1971) seeking to vacate the appointment of a receiver for itself, and its assets and its business." *Id.* at 935 (emphasis added) (as relevant to receiverships, former article 2250 [2] permitted an appeal from a trial court's "interlocutory order" appointing a receiver).

Appellant next advances the theory that an analogy can be drawn between an appeal from an appointment of a receiver and an appeal from a preliminary determination of ownership in a suit involving partition of real estate. Such an order in a partition lawsuit is a final adjudication for purposes of appeal, and is not subject to mandatory acceleration under Tex.R.App.P. 42(a)(1). By analogy, therefore, appellant maintains that the Order appointing receiver is a final adjudication that is subject to ordinary appellate timetables. Appellant does not direct us to any case authority supporting this contention.

Appellant is correct that the preliminary determination of ownership in a partition suit is not considered to be an "interlocutory order" subject to mandatory acceleration. The court's order in that situation is treated as though it is final adjudication of a disputed issue, *see Voth v. Felderhoff*, 768 S.W.2d 403, 408 (Tex.App.—Fort Worth 1989, writ denied) (each stage of partition suit results in final appealable decree), and the timetables for ordinary appeals apply.

---

**2.** Act of May 7, 1943, 48th Leg., R.S., ch. 305, 1943 Tex.Gen.Laws 456, 457—currently located in the 1971 hardback volume of Vernon's statutes. (The 1979 amendment can be found at: Act of May 3, 1979, 66th Leg., R.S., ch. 159, 1979 Tex.Gen.Laws 348). Article 2250 was *repealed* in 1985, *see* Act of May 17, 1985, 69th Leg., R.S., ch. 959, sec. 9(1), 1985 Tex.Gen.Laws 3242, 3322, and *codified* as section 51.014 of the Texas Civil Practice and Remedies Code.

■ Certain orders entered by a trial court in a receivership proceeding are also treated as final appealable orders. Generally, if a trial court in a receivership action enters an order resolving a discrete issue in connection with the receivership, that order has the same force and effect as any other final adjudication of a court, and thus is a final appealable order. *See Huston v. F.D. I.C.,* 800 S.W.2d 845, 846–47 (Tex.1990) (opinion on reh'g).

The type of appeal in the instant case, however, is governed by section 51.014 of the Civil Practice and Remedies Code which *expressly authorizes* an appeal from an "interlocutory order" of the trial court **appointing a receiver.** As previously discussed, interlocutory appeals receive accelerated treatment. *See* TEX.R.APP.P. 42(a)(1) & (3).

■ We hold this appeal from the trial court's "Order Appointing Receiver and Covering Related Matters" is an interlocutory appeal subject to the accelerated timetable of TEX.R.APP.P. 42(a)(3). Appellant has filed a motion in which he alternatively requests this Court grant him an extension of time in which to perfect his appeal. The requirement that a cost bond (or cash deposit in lieu thereof) be timely filed is mandatory and jurisdictional. *Davies v. Massey,* 561 S.W.2d 799, 800–01 (Tex.1978); *Glidden Co. v. Aetna Casualty & Surety Co.,* 155 Tex. 591, 291 S.W.2d 315, 318 (1956). The time prescribed cannot be dispensed with or enlarged by the courts for any reason. *Glidden,* 291 S.W.2d at 318. These basic principles have been applied to appeals from interlocutory orders. *See State v. Gibson's Distributing Co.,* 436 S.W.2d 122, 123–24 (Tex.1968) (timely filing of record in appeal from temporary injunction order is necessary to confer jurisdiction on appellate court); *Walker v. Cleere,* 141 Tex. 550, 174 S.W.2d 956, 957–58 (1943) (timely filing of record in plea of privilege appeal is jurisdictional and cannot be waived).

*Accordingly, we deny appellant's motion* for an extension of time for the reason that this Court lacks jurisdiction to entertain this untimely appeal. The appeal is dismissed pursuant to TEX.R.APP.P. 60(a)(2).