IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON MOTION FOR REHEARING


 




NO. 3-94-022-CV





ERIC G. CARTER, RECEIVER,



 RELATOR


vs.





THE HONORABLE JACK W. PRESCOTT; THE HONORABLE RICK MORRIS;


THE HONORABLE DONALD V. HAMMOND; AND


THE HONORABLE 146TH JUDICIAL DISTRICT COURT OF BELL COUNTY,




 RESPONDENTS


 




ORIGINAL PROCEEDING FROM BELL COUNTY



 




O R D E R



PER CURIAM



 Relator Eric G. Carter, Receiver, filed a motion for leave to file application for
writ of mandamus/writ of prohibition on January 18, 1994. See Tex. Gov't Code Ann.
§ 22.221(B) (West 1988); Tex. R. App. P. 121. In pertinent part, Carter sought the writ to
compel respondents, the Honorable Jack W. Prescott and the Honorable Donald V. Hammond,
to vacate temporary restraining orders, rendered on January 6 and 12, 1994; and an order granting
temporary injunction, rendered on January 14, 1994. We overruled the motion for leave to file. (1) 
See Carter v. Prescott, No. 3-93-00022-CV (Tex. App.--Austin Feb. 17, 1994, orig. proceeding)
(not designated for publication). Carter has now filed a "Motion For Rehearing/Out of Time
Motion To Extend Time For Appeal of Temporary Injunction." (2) See Tex. R. App. P. 100(a). 
We will overrule the motion.

 "Mandamus will not issue where there is `a clear and adequate remedy at law, such
as a normal appeal.'" Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992), quoting State v.
Walker, 679 S.W.2d 484, 485 (Tex. 1984). See Gonzales v. Stevens, 427 S.W.2d 694, 702 (Tex.
Civ. App.--Corpus Christi 1968, writ ref'd n.r.e.) (mandamus will not issue when party may have
obtained relief by statutory right of appeal). An order granting a temporary injunction is an
appealable interlocutory order. Tex. Civ. Prac. & Rem. Code § 51.14(4) (West 1994); Davis
v. Huey, 571 S.W.2d 859, 861 (Tex. 1978). Carter, therefore, had an adequate remedy by appeal
pursuant to section 51.14(4). See Gonzales, 427 S.W.2d at 702; see also Brown v. Herman, 852
S.W.2d 91, 92-3 (Tex. App.--Austin 1993, orig. proceeding) (appellate remedy not inadequate
because it may involve more expense or delay than review by mandamus); Tex. R. App. P.
42(a)(1) (appeal from interlocutory order shall be accelerated).

 In his motion for rehearing, Carter states, "If the Court of Appeals had felt that the
proper remedy was an accelerated appeal, the Court could have so stated on January 18, or on
February 1 after the response was filed." We note that this Court expressly referred to Texas
Civil Practice and Remedies Code § 51.014(4) in overruling Carter's motion for leave to file. 
Carter, slip op. at 1. For the preceding reasons, we deny the request for rehearing.

 We also decline to grant Carter an extension of time within which to perfect an
appeal from the order granting injunctive relief. Texas Rule of Appellate Procedure 42(a)(3)
required Carter to perfect his appeal no later than twenty days after January 14, the date the trial
court signed the injunctive order. St. Louis Fed. Sav. & Loan Ass'n v. Summerhouse, 739
S.W.2d 441, 442 (Tex. App.--Corpus Christi 1987, no writ). An appellate court may not grant
an extension of time within which to perfect an appeal in an accelerated appeal. (3) Revier v.
Spragins, 810 S.W.2d 298, 302 (Tex. App.--Fort Worth 1991, no writ); Rosansky v. Seal-Pac
Professional Serv., Inc., 775 S.W.2d 675, 676 (Tex. App.--Houston [14th Dist.] 1989, writ
denied). Accordingly, we deny the request for an extension of time within which to perfect and
appeal.

 The motion for rehearing/out of time motion to extend time for appeal of temporary
injunction is overruled.

 It is so ordered this 30th day of March 1994.


Before Justices Powers, Aboussie and Jones

Do Not Publish
1. [1] The real parties in interest in this proceeding are Connell Chevrolet, Inc.; Connell Chrysler
Plymouth, Inc.; and Grand Chevrolet, Inc. See Tex. R. App. P. 121(a)(2)(B).
2. [2] Because the original proceeding and any appeal are two separate proceedings, the motion
to extend time for appeal is properly filed in a separate cause number. Because we determine that
we have no jurisdiction to grant the motion, we will not docket the motion under a new cause
number. See Tex. R. App. P. 57(a).
3. [3] Even if the extension provisions of Texas Rule of Appellate Procedure 41(a)(2) applied to
an accelerated appeal, we would have no jurisdiction to grant Carter an extension of time. Carter
tendered his motion for extension to this Court more than fifteen days after the date for perfecting
an appeal and did not file a perfecting instrument with the district clerk of Bell County within that
fifteen-day period. See Tex. R. App. P. 41(a)(2); Miller v. Miller, 848 S.W.2d 344, 344 (Tex.
App.--Texarkana 1993, no writ); Fite v. Johnson, 654 S.W.2d 51, 52 (Tex. App.--Dallas 1983, no
writ).