**In the Matter of J.C.H., Jr.**

No. 04–99–00708–CV.

Court of Appeals of Texas, San Antonio.

Dec. 22, 1999.

Sherri A. Russell, San Antonio, for Appellant.

Enrico B. Valdez, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

## OPINION

PER CURIAM.

On April 2, 1998, appellant was adjudicated a delinquent and given a determinate sentence of seven years confinement at the Texas Youth Commission. On September 13, 1999, appellant filed a notice of appeal "in accordance with section 56.01 of the Texas Family Code and Rule 25.1 of the Texas Rules of Appellate Procedure."

■ Section 56.01(b) permits the appeal of an order of adjudication notwithstanding that the adjudication order was signed more than 30 days before the date of the notice of appeal. This language is the product of a 1997 amendment to the Family Code to permit review of adjudication issues even though the adjudication occurred more than 30 days prior to the disposition of sentence. *See* SAMPSON & TINDALL'S TEXAS FAMILY CODE ANNOTATED,

§ 56.01(b) and cmt. at 221–223. The change is meant to protect all the juvenile's appellate issues when the time between adjudication of guilt and disposition or sentencing exceeds thirty days. The juvenile need no longer struggle with the decision to appeal the guilt/innocence phase of the proceeding before learning what the punishment is.

■ The language is unfortunately ambiguous, however, because, if read literally, it could be construed to permit an indefinite right of appeal on the guilt/innocence stage whenever it occurred even though the disposition had long since caused the rendition of a final judgment. This could lead to difficulties in retaining records for purposes of appeal, and similar problems with prosecuting an appeal long after the evidentiary hearing or trial occurred. We do not believe that the legislature intended to generate this result with the chosen language. Rather, the more logical construction of the amendment is that issues relating to adjudication may be appealed within the time provided for timely appeal of the disposition order.

■ Juvenile appeals proceed under the rules governing civil cases generally. *See* TEX. FAM.CODE ANN. § 56.01(b) (Vernon Supp.1999). The rules of appellate procedure governing civil cases require the notice of appeal to be filed within 30 days of the signing of a judgment or, in this case, the order of disposition, to be timely. *See* TEX.R.APP. P. 26.1. Because appellant did not file a motion for new trial, motion to modify the judgment, motion for reinstatement, or request for findings of fact and conclusions of law, the notice of appeal was due to be filed on May 2, 1998. The notice filed September 7, 1999, is untimely and fails to invoke our jurisdiction. Accordingly, the appeal is dismissed for want of jurisdiction.