80 S.W.3d 698 (2002)
In the Interest of D.B., a Child.
No. 05-01-01802-CV.
Court of Appeals of Texas, Dallas.
June 26, 2002.
*699 Carl D. Hughes, Dallas, for appellant.
Karen R. Wise, Asst. Dist. Atty., William T. (Bill) Hill, Jr., Dallas, for appellee.
Before Justices O'NEILL, FARRIS,[1] and ROSENBERG.[2]

OPINION
Opinion by Justice BARBARA ROSENBERG (Assigned).
In a single issue, D.B. contends the trial court erred in denying his pretrial motion to suppress his written statement when his parent was not promptly notified after he was taken into custody, in violation of section 52.02(b) of the Juvenile Justice Code. See Tex. Fam.Code Ann. § 52.02(b) (Vernon Supp.2002). Concluding we do not have jurisdiction, we dismiss this interlocutory appeal.

PROCEDURAL BACKGROUND
The State filed a petition alleging D.B. engaged in delinquent behavior of motor vehicle theft. D.B. filed a motion to suppress his written statement to the police. At the hearing on the motion to suppress, the trial court told counsel for D.B. that he considered D.B.'s statement admissible, despite the violation of section 52.02(b) requiring parental notification of a juvenile's detention. Counsel for D.B. then discussed with the trial court appealing the denial of the motion to suppress. The trial court advised counsel that if D.B. pleaded guilty, he would waive the right to appeal the suppression decision. The court then offered to reset the matter for a plea and "give [D.B.] an opportunity to appeal." Counsel requested the court to "certify the question" and "postpone the jury trial until we have received a ruling from the Court of Appeals." The trial court agreed to do so. The order denying D.B.'s motion to suppress found that D.B.'s written statement was admissible because it was made in compliance with section 51.095 of the Juvenile Justice Code, even though section 52.02 was violated. The order also stated *700 that the trial court "is of the further opinion and so finds that it is in the best interest of juvenile justice to continue the trial of this cause and allow [D.B.] to appeal this interlocutory order." The order continued the trial. Counsel for D.B. and for the State approved the order as to form. Appellant appealed the order denying his motion to suppress.

JURISDICTION[3]
The Juvenile Justice Code provides the circumstances under which an appeal in a juvenile case may be taken. Tex. Fam.Code Ann. § 56.01(c) (Vernon Supp.2002). Generally, appeals in juvenile cases may be taken only from adjudication and disposition orders, with certain exceptions not applicable here. Id.; In re J.C.H., Jr., 12 S.W.3d 561, 562 (Tex.App.-San Antonio 1999, no pet.) (noting that issues relating to adjudication may be appealed within time provided for timely appeal of disposition order). There is no order of adjudication or disposition in this case. Therefore, the order denying D.B.'s motion to suppress is an interlocutory order.[4] Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. Stary v. DeBord, 967 S.W.2d 352, 352-53 (Tex.1998); see Tex. Fam.Code Ann. § 56.01(b) (Vernon Supp.2002) (providing that requirements governing appeal in juvenile cases are same as in civil cases generally).
This appeal is authorized only under section 51.014(d) of the civil practice and remedies code, which provides that a district court may issue a written order for interlocutory appeal in a civil action not otherwise appealable under section 51.014 if:
(1) the parties agree that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion;
(2) an immediate appeal from the order may materially advance the ultimate termination of the litigation; and
(3) the parties agree to the order.
TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(d) (Vernon Supp.2002). Subsection (f) provides:
If application is made to the court of appeals that has appellate jurisdiction over the action not later than the 10th day after the date an interlocutory order under Subsection (d) is entered, the appellate court may permit an appeal to be taken from that order.
Id. § 51.014(f). "We construe [section 51.014] authorizing interlocutory appeals strictly because it `is a narrow exception to the general rule that only final judgments and orders are appealable.'" Montgomery County v. Fuqua, 22 S.W.3d 662, 664 (Tex.App.-Beaumont 2000, pet. denied) (citation omitted).

Agreement
First, the appealed order denying the motion to suppress must meet the requirements of subsection (d). Subsection (d)(3) requires that the parties agree to the order. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(d). While the State approved the form of the order, there was no *701 discussion at the hearing of the State's agreeing or disagreeing with an interlocutory appeal. Thus, even assuming that the requirements of subsection (d)(1), that the parties agree that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion, and (d)(2), that an immediate appeal from the order may materially advance the ultimate termination of the litigation, were met, we conclude the record does not show that the parties agreed to the order, as required by subsection (d)(3). See Baw v. Baw, 949 S.W.2d 764, 766-67 (Tex.App.-Dallas 1997, no pet.) (noting phrase "approved as to form and substance standing alone does not transform a judgment into a consent judgment"); Bexar County Criminal Dist. Attorney's Office v. Mayo, 773 S.W.2d 642, 644 (Tex. App.-San Antonio 1989, no writ) (noting approval as to form indicates written judgment accurately sets forth court's ruling).

Application
Next, this appeal requires an "application" be made to this Court in order for this Court to determine whether to permit this discretionary appeal. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(f); see House Comm. on Civil Practices, Bill Analysis, Tex. H.B. 978, 77th Leg., R.S. (2001) (stating bill authorizes appellate court "to permit an appeal"); House Research Organization, Bill Analysis of Committee Substitute Tex. H.B. 978, 77th Leg., R.S. (Apr. 9, 2001) (stating appellate court "could choose to hear the appeal or not"); Black's Law Dictionary 99 (6th ed. 1990) (defining "apply" as making a formal request, usually in writing, to a court for the granting of some favor, rule, or order that is within its discretion). D.B. filed a docketing statement, a "notice of accelerated appeal," and a brief, none of which cited section 51.014(d) or formally requested this Court to consider an appeal from an interlocutory order denying a motion to suppress in a juvenile case.

Timeliness
Finally, this interlocutory appeal requires application within ten days after the date of the interlocutory order. TEX. CIV. & REM.CODE ANN. § 51.014(f). The trial court signed the order denying D.B.'s motion to suppress on October 17, 2001, making D.B.'s application for appeal due on Monday, October 29, 2001.[5] D.B. filed his "notice of accelerated appeal" on October 31, 2001. Consequently, even if we were to construe D.B.'s "notice of accelerated appeal" to be an application filed pursuant to section 51.014(d) and (f), it would still be filed two days late. The record shows that D.B. followed rule of appellate procedure 26.1(b) that provides for a twenty-day deadline for filing the notice of appeal in an accelerated appeal. See Tex. Rs.App. P. 26.1(b), 28.1. However, the deadline for perfecting D.B.'s appeal is the ten-day deadline in subsection (f), not the twenty-day deadline for accelerated appeals in rule of appellate procedure 26.1(b) that applies to interlocutory appeals under other provisions of section 51.014 of the civil practice and remedies code.[6] Nor can the ten-day deadline applicable *702 here be extended by fifteen days on proper motion pursuant to rule of appellate procedure 26.3, as can other interlocutory appeals under other provisions of section 51.014.[7] When a statute provides the deadline for perfecting an appeal, compliance with that statutory deadline, not the deadline in the rules of appellate procedure, is necessary to give the appellate court jurisdiction. See Bailey v. Clark, 407 S.W.2d 520, 521 (Tex.Civ.App.-Fort Worth 1966, no writ) (applying five-day deadline in predecessor of section 232.014(b) of election code providing for accelerated appeal of primary election contest for giving notice of appeal and filing appeal bond and dismissing appeal when appellant gave notice of appeal and filed appeal bond more than five days after primary election contest decided); see also In re L.L., 821 S.W.2d 247, 250 (Tex. App.-San Antonio 1991, writ denied) (applying predecessor of section 574.070 of health code and concluding appeal not filed in proper court, and not within statutory deadline, a nullity).[8] Because the deadline for perfecting an appeal from an interlocutory order pursuant to section 51.014(d) is specifically stated in section 51.014(f), the deadline and extension for perfecting an appeal in the rules of appellate procedure do not apply. Accordingly, we do not have jurisdiction over D.B.'s late-filed appeal.

*703 CONCLUSION
We have concluded that there was no agreement by the State to appeal this interlocutory order, there was no formal request by D.B. to this Court to consider an appeal from an interlocutory order denying a motion to suppress in a juvenile case, and D.B. did not timely perfect his appeal pursuant to the statutory deadline. Because D.B. did not timely comply with these requirements of subsections 51.014(d) and (f), we have no jurisdiction over this appeal. See In re L.L., 821 S.W.2d at 250 (dismissing appeal for lack of jurisdiction for failure to comply with statutory requirements in appealing interlocutory order in mental health suit); see also Tex. Animal Health Comm'n v. Nunley, 598 S.W.2d 233, 234 (Tex.1980) (dismissing appeal for lack of jurisdiction for failure to meet requirement of rule regarding filing of notice of appeal). Consequently, we do not address the merits of this appeal and dismiss this appeal for want of jurisdiction.
NOTES
[1] The Honorable David F. Farris, Retired Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.
[2] The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.
[3] We may raise jurisdictional issues on our own motion. See Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445-46 (Tex. 1993).
[4] Nothing in section 56.01 provides that this order is appealable. See Tex. Fam.Code Ann. § 56.01(b), (c). Further, section 52.02(b) does not provide that an order denying a motion to suppress statements when the parent was not notified of a juvenile's custody is appealable. See id. § 52.02(b).
[5] Rule of civil procedure 4 provides that, in computing any period of time prescribed "by any applicable statute," if the last day of the computation period is a Saturday, as was October 27, 2001, the tenth day after the order was signed, then the computation period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday. Tex.R. Civ. P. 4. Thus, the computation period here ran until Monday, October 29, 2001.
[6] Interlocutory appeals pursuant to section 51.014(a) of the civil practice and remedies code follow the accelerated appeals deadlines provided by the appellate rules. See, e.g., Ace Ins. Co. v. Zurich Am. Ins. Co., 59 S.W.3d 424, 426 (Tex App.Houston [1st Dist.] 2001, pet. denied) (applying twenty-day deadline in current rule 26.1(b) and implied extension pursuant to rule 26.3 to appeal of special appearance under section 51.014(a)(7)); Henke v. Peoples State Bank, 6 S.W.3d 717, 720 (Tex. App.Corpus Christi 1999, pet. dism'd w.o.j.) (applying twenty-day deadline in former appellate rule 42 to appeal of temporary injunction pursuant to section 51.014(a)(4)); Koch Gathering Sys., Inc. v. Harms, 946 S.W.2d 453, 455 (Tex.App.-Corpus Christi 1997, writ denied) (applying twenty-day deadline in former appellate rule 42 to appeal of class certification orders pursuant to section 51.014(a)(3)); Revier v. Spragins, 810 S.W.2d 298, 299 (Tex.App.-Fort Worth 1991, no writ) (applying twenty-day deadline in former appellate rule 42 to order appointing receiver pursuant to section 51.014(a)(1)). In addition, interlocutory appeals of certain arbitration orders pursuant to section 171.098 of the civil practice and remedies code shall be taken in the manner as appeals from orders and judgments in civil actions. Tex. Civ. Prac. & Rem.Code Ann. § 171.098(b) (Vernon Supp. 2002). In those cases, the deadlines in the rules of appellate procedure apply. See Lipshy Motorcars, Inc. v. Sovereign Assocs., Inc., 944 S.W.2d 68, 72 n. 3 (Tex.App.-Dallas 1997, orig. proceeding [leave denied]) (applying former rule 42 to attempted appeal of arbitration matters).
[7] Former appellate rule 42(a)(3) specified a twenty-day deadline for perfecting an accelerated appeal of interlocutory orders. That deadline is now in rule 26.1(b). However, we note that an extension of time not provided for in former rule 42 is now available pursuant to current rule 26.3. Tex.R.App. P. 26 Notes & Comments ("An extension of time is available for all appeals."); compare Revier, 810 S.W.2d at 302, with Ace Ins. Co., 59 S.W.3d at 426.
[8] Like section 51.014(f), other statutes that provide for appeals of interlocutory orders also specify the deadline by which the appeal must be perfected. See, e.g., Tex. Civ. Prac. & Rem.Code Ann. § 15.003(c) (Vernon Supp. 2002) (in multi-plaintiff suits, appeal of interlocutory venue decision "must be perfected not later than the 20th day after the date the trial court signs the order denying or allowing the intervention or joinder"); Tex. Elec.Code Ann. § 232.014(b) (Vernon 1986) (deadline for perfecting accelerated appeal of primary election contest is "not later than the fifth day after the date the district court's judgment in the contest is signed"); Tex. Health & Safety Code Ann. § 81.191(b) (Vernon 2001) (notice of appeal from order for management of person with communicable disease, or from renewal or modification of order, "must be filed not later than the 10th day after the date on which the order is signed"), § 574.070(b) (Vernon 1992) (notice of appeal from an order requiring court-ordered mental health services, or renewing or modifying order, "must be filed not later than the 10th day after the date on which the order is signed").