IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00291-CV

 

Theron Belton,

                                                                      Appellant

 v.

 

Congara Poultry Co. and TEXAS

DEPARTMENT OF CRIMINAL JUSTICE,

                                                                      Appellees

 

 

 



From the 278th District Court

Madison County, Texas

Trial Court # 01-9649-278-10

 



MEMORANDUM 
Opinion



 








          Prison
inmate Theron Belton filed a personal injury suit against Conagra Poultry Co.
and the Texas Department of Criminal Justice. 
Belton filed a motion for court-appointed counsel, which the court
denied.  Belton seeks review of this
ruling by interlocutory appeal.  Because
this Court does not have jurisdiction, we will dismiss the appeal.








This Court has jurisdiction over an
interlocutory appeal only when expressly provided by statute.  Stary v. DeBord, 967 S.W.3d 352,
352-53 (Tex. 1998); Chase Manhattan Bank v. Bowles,
52 S.W.3d 871, 878 (Tex. App.—Waco 2001, no pet.).  No statute authorizes an interlocutory appeal
from an order denying a motion for appointed counsel.  Accordingly, the Clerk of this Court notified
the parties that the appeal would be dismissed for want of jurisdiction if a
response showing grounds for continuing the appeal was not filed within 10
days.

Belton has responded by filing a motion to stay this
appeal so the trial court can enter an order for interlocutory appeal under
section 51.014(d) of the Civil Practice and Remedies Code.  To pursue such an appeal however, a party
must (1) obtain a written order from the trial court and (2) apply to this
Court for permission to take the appeal, both within ten days after the entry
of the order sought to be appealed.  See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d), (f) (Vernon Supp. 2004–2005); In re D.B., 80 S.W.3d 698, 700-02 (Tex. App.—Dallas 2002, no pet.).

Here, Belton has not yet obtained a written
order for interlocutory appeal from the trial court.  His request to this Court for permission to
pursue an interlocutory appeal was submitted nearly seventeen months after the
entry of the order he seeks to appeal. 
Thus, he cannot comply with the 10-day requirements of section 51.014.  See
D.B., 80 S.W.3d at 701-02.

Accordingly, Belton’s motion to stay the appeal
is denied, and the appeal is dismissed for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).

PER CURIAM

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Appeal dismissed

Opinion delivered and filed December
 29, 2004

[CV06]