



# MEMORANDUM OPINION

No. 04-10-00670-CV

Jesus **ORTIZ**,
Appellant

v.

Gustavo **FLORES**,
Appellee

From the 83rd Judicial District Court, Val Verde County, Texas
Trial Court No. 28256
The Honorable M. Rex Emerson, Judge Presiding

PER CURIAM

Sitting:     Phylis J. Speedlin, Justice
             Rebecca Simmons, Justice
             Steven C. Hilbig, Justice

Delivered and Filed:  October 27, 2010

DISMISSED FOR LACK OF JURISDICTION

On September 17, 2010, appellant filed a motion to extend the time to file the notice of appeal along with his notice of appeal. The notice of appeal states that appellant desires to appeal from two orders relating to a primary election contest: "Judgment for Cost" entered on August 31, 2010, and "Second Amended Order — Voiding Election" entered on September 3, 2010. Section 232.014(b) of the Election Code provides that in order for an accelerated appeal in a primary contest to be timely, "an appellant's bond, affidavit, or cash deposit for costs of appeal

must be made not later than the fifth day after the date the district court's judgment in the contest is signed. If the appellant is not required to give security for the costs of appeal, the notice of appeal must be filed by the same deadline." TEX. ELEC. CODE ANN. § 232.014(b) (West 2010). Accordingly, the notice of appeal was due on September 8, 2010, five days after the second amended order was signed by the trial court. Appellant, however, maintains that the five-day deadline began to run on September 14, 2010, when the United States District Court for the Western District of Texas (Del Rio Division) issued a preliminary injunction enjoining County and State officials from holding the special election ordered by the trial court, and thus the notice of appeal was timely filed on September 17, 2010.

We disagree that the timeline for filing the notice of appeal runs from the September 14, 2010 federal order. First, this court does not have jurisdiction over an appeal arising from the decision of a federal district court. *See* TEX. CONST. art. 5, § 6(a). Further, we note that the federal order here was issued in a different lawsuit.[1] Accordingly, the notice of appeal in the appeal before us was due on September 8, 2010 and was untimely filed on September 17, 2010.

Appellant alternatively requests that we extend the time for filing the notice of appeal. When a statute provides the deadline for perfecting an appeal, compliance with that statutory deadline, not the deadline in the rules of appellate procedure, is necessary to confer appellate court jurisdiction. *In re D.B.*, 80 S.W.3d 698, 702 (Tex. App.—Dallas 2002, no pet.); *Bailey v. Clark*, 407 S.W.2d 520, 521 (Tex. Civ. App.—Fort Worth 1966, no writ) (applying five-day deadline in predecessor of section 232.014(b) of Election Code providing for accelerated appeal of primary election contest for giving notice of appeal and filing appeal bond and dismissing

---

[1] The preliminary injunction is styled *LULAC of Texas Council 4338, Lupita De La Paz, James Fernandez, Rosalinda Perez, Jose L. Perez, Letecia Ortiz, Jesus Ortiz, Robert Club, Val Verde Democratic Party, Diana Salgado (in her capacity as Chair of the Val Verde Democratic Party) v. Genorosa G. Ramon (in her official capacity as Val Verde County Clerk), Val Verde County (by and through Mike Hernandez, County Judge), State of Texas, Governor Rick Perry (in his official capacity as Governor of Texas).*

appeal when appellant gave notice of appeal and filed appeal bond more than five days after primary election contest decided). Because appellant failed to timely file his notice of appeal pursuant to section 232.014, we lack jurisdiction over this appeal and must dismiss it. Accordingly, we deny appellant's motion to extend the time to file the notice of appeal, and dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Costs of appeal are taxed against appellant.

PER CURIAM