

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-24-00341-CV, 04-24-00342-CV, 04-24-00343-CV, 04-24-00345-CV, 04-24-00346-CV,
04-24-00347-CV, 04-24-00348-CV, 04-24-00349-CV, 04-24-00350-CV, 04-24-00351-CV,
04-24-00352-CV, 04-24-00353-CV, 04-24-00354-CV, 04-24-00355-CV

### IN THE MATTER OF E.F.F.

From the 289th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2023JUV01163, 2023JUV01164, 2023JUV01165, 2023JUV01168,
2023JUV01187, 2023JUV01188, 2023JUV01189, 2023JUV01190, 2023JUV01191,
2023JUV01201, 2023JUV01202, 2023JUV01203, 2023JUV01204, 2024JUV00075
Honorable Rose Sosa, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Lori Massey Brissette, Justice

Delivered and Filed: July 31, 2024

DISMISSED FOR WANT OF JURISDICTION

On April 9, 2024, the Juvenile District Court signed orders in fourteen causes waiving its jurisdiction and transferring the juvenile to a criminal district court for criminal proceedings. *See* TEX. FAM. CODE ANN. § 54.02(a); *In re J.C.W.G.*, 613 S.W.3d 560, 568 (Tex. App.—San Antonio 2020, no pet.). In each cause, the trial court's order states the following:

> This Court has informed the Respondent, [E.F.F.], and his attorney [who represented him at the hearing] orally and in this Order that the Respondent, [E.F.F.], may immediately appeal this Order under Family Code section 56.01, and the appeal is accelerated under Texas Rules of Appellate Procedure 28.1.

> We note that these appeals are accelerated, and they have "precedence over all other cases."

TEX. FAM. CODE ANN. § 56.01(h); *see* TEX. R. APP. P. 28.4(a)(1), (a)(2)(C).

Appellant's notices of appeal were due on April 29, 2024. *See* TEX. R. APP. P. 26.1(b). A motion for extension of time to file notices of appeal was due on May 14, 2024. *See* TEX. R. APP. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

On May 16, 2024, the Juvenile District Court rescinded its order appointing the attorney who represented the juvenile at the hearing and appointed an appellate attorney to represent the juvenile. *See* TEX. FAM. CODE ANN. § 51.101.

On May 17, 2024, the appellate attorney filed a notice of appeal on behalf of the juvenile in each cause, but to date, no motion for extension of time to file a notice of appeal has been filed.

On May 22, 2024, because Appellant's notices of appeal appeared to be untimely, we ordered Appellant to show cause in writing by June 3, 2024, why these appeals should not be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 26.1, 42.3(a); *Verburgt*, 959 S.W.2d at 617 ("[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction."); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) ("A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction."). We warned Appellant that if he failed to respond within the time provided, these appeals would be dismissed. *See* TEX. R. APP. P. 42.3(c).

On June 7, 2024, Appellant responded to this court's show cause order. He asserts that the last sentence of Texas Family Code section 56.01(b) negates the jurisdictional deadline for filing a notice of appeal relating to the order transferring a juvenile for prosecution as an adult. Section 56.01(b) reads in pertinent part as follows:

> The requirements governing an appeal are as in civil cases generally. When an appeal is sought by filing a notice of appeal, security for costs of appeal, or an affidavit of inability to pay the costs of appeal, and the filing is made in a timely fashion after the date the disposition order is signed, the appeal must include the juvenile court adjudication and all rulings contributing to that adjudication. *An*

*appeal of the adjudication may be sought notwithstanding that the adjudication order was signed more than 30 days before the date the notice of appeal*, security for costs of appeal, or affidavit of inability to pay the costs of appeal was filed.

TEX. FAM. CODE ANN. § 56.01(b) (emphasis added).

Appellant, however, has taken this sentence out of context. *See In re J.C.H., Jr.*, 12 S.W.3d 561, 562 (Tex. App.—San Antonio 1999, no pet.).

According to *In re J.C.H.*, a 1999 opinion from our court, "[t]his language is the product of a 1997 amendment to the Family Code to permit review of adjudication issues even though the adjudication occurred more than 30 days prior to the disposition of sentence." *Id*. In this case, the juvenile court has not adjudicated E.F.F.

We therefore hold that a notice of appeal from a juvenile transfer order perfected under Texas Rule of Appellate Procedure 28.1(b) must be filed timely within the time allowed by Rule 26.1 or as extended by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3. Because Appellant did not do so, we dismiss these appeals for want of jurisdiction. *See* TEX. FAM. CODE ANN. § 56.01(b); TEX. R. APP. P. 42.3(a).

PER CURIAM