**In re J.J.**

No. 06–94–00132–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 7, 1995.

Decided March 1, 1995.

Gary L. Waite, Paris.

M.C. Superville, Jr., Asst. County Atty., Paris, for the State.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

J.J. appeals from a court order requiring him to undergo temporary mental health treatment at the Terrell State Hospital. He contends that the order is void because the State did not file with the court at least two certificates of medical examination for mental illness as required by law. He further contends that the court erred in failing to specify which statutory criterion formed the basis of its commitment order. We reverse the trial court's order and remand with instructions that the cause be dismissed.

Karl Louis, police chief of Paris, Texas, applied for temporary court-ordered mental health services for J.J. after J.J. wrote a letter to the governor that Louis thought was threatening. At a hearing held in Lamar County Court, the court heard testimony from J.J., Dr. Donald J. Garcia, a psychiatrist from Terrell State Hospital, and other witnesses.

Garcia testified that J.J. was mentally ill, that he would likely cause serious harm to others, and that he was suffering from severe and abnormal mental, emotional or physical distress. He said that J.J. suffered from a delusional disorder, persecutory type. He said that J.J. thought he had been cheated out of $15,000.00 in connection with the purchase of a building. Garcia said he made this diagnosis before receiving a copy of the letter J.J. had written to the governor.

The court's order was rendered on September 21, 1994. J.J. filed a notice of appeal on September 28 in the Lamar County Court. The notice of appeal was filed in this Court on November 17, 1994, along with the transcript.

On appeal J.J. contends that the evidence is insufficient to support the trial court's findings. He also contends that the order is void because the State failed to file with its application two certificates of medical examination for mental illness as required by TEX. CONST. art. I, § 15–a and TEX. HEALTH & SAFETY CODE ANN. § 574.009 (Vernon 1992 & Supp.1995). He also contends that the trial court erred in failing to specify which criterion set forth in TEX. HEALTH & SAFETY CODE ANN. § 574.034 (Vernon 1992 & Supp.1994) formed the basis of its commitment order.

■ The State argues in a cross-point that this court has no jurisdiction because J.J. failed to timely file his appeal. We will consider the jurisdictional point first.

An appeal from an order requiring court-ordered mental health services must be filed in the court of appeals for the county in which the order is entered. TEX. HEALTH & SAFETY CODE ANN. § 574.070(a) (Vernon 1992). Notice of appeal must be filed not later than the tenth day after the date on which the order is signed. TEX. HEALTH & SAFETY CODE ANN. § 574.070(b) (Vernon 1992).[1]

The State argues that both the appeal and the notice of appeal must be filed with the court of appeals no later than ten days after the order is signed. It relies on *In re L.L.*, 821 S.W.2d 247, 249–50 (Tex.App.—San Antonio 1991, writ denied), where the court held that a notice of appeal filed in an improper court was a nullity. In *L.L.*, the appellant

---

1. TEX.HEALTH & SAFETY CODE ANN. § 574.070(a)–(c) (Vernon 1992) reads as follows:

    (a) An appeal from an order requiring court-ordered mental health services, or from a renewal or modification of an order, must be filed in the court of appeals for the county in which the order is entered.

    (b) Notice of appeal must be filed not later than the 10th day after the date on which the order is signed.

    (c) When the appeal is filed, the clerk shall immediately send a certified transcript of the proceedings to the court of appeals.

was found mentally ill after a jury trial in Kerr County court on May 23, 1991. On May 28, 1991, L.L.'s attorney filed with the Kerr County clerk a motion to transfer proceedings to the Kerr County district court, and also filed a motion for rehearing in the county court. L.L.'s attorney sought a transfer pursuant to TEX.REV.CIV.STAT.ANN. art. 5547–41 (now TEX.HEALTH & SAFETY CODE ANN. § 574.008 (Vernon 1992)), which provides a procedural mechanism for transferring a prospective mental health proceeding from a county court to a court with a judge who is a licensed attorney. On May 30, 1991, the county judge signed an order transferring the matter to the district court. On June 3, 1991, before any district court hearing, L.L.'s attorney filed a notice of appeal with the district court. The court of appeals held that the county court, which had not yet ruled on the motion for rehearing, still had jurisdiction and that the notice of appeal filed in the district court was a nullity. Because the district court had not acted on the matter, there was no appealable order or judgment; thus, the court of appeals had no jurisdiction.[2]

J.J. argues that, while the appeal must be filed with the court of appeals, the notice of appeal must be filed with the trial court clerk. He argues that *In re L.L.* simply held that the notice of appeal which was filed with the district court should have been timely filed with the trial court, which was the county court.

In a normal appeal, although the statutes provide for filing the appeal in the appellate court, the notice of appeal is filed with the trial court clerk, pursuant to TEX.R.APP.P. 40(a), not with the court of appeals. Section 574.070 requires the appellant to file the appeal with the court of appeals, but is silent as to where the notice of appeal must be filed. Neither *In re L.L.* nor *In re J.S.C.* expressly holds that the notice of appeal must be filed with the court of appeals. Following the general rule, then, we hold that the notice of appeal should be filed with the

trial court clerk. J.J.'s trial attorney did this on September 28 after the September 21 order, so his notice of appeal was filed within the ten-day period. We have jurisdiction.

■ J.J. complains that the order is void because the state did not file with the court at least two certificates of medical examination for mental illness as required by Section 574.009 of the Texas Health & Safety Code and Article I, § 15–a of the Texas Constitution.

No person shall be committed as a person of unsound mind except on competent medical or psychiatric testimony. TEX. CONST. art. I, § 15–a. A hearing on an application for court-ordered mental health services may not be held unless there are on file with the court at least two certificates of medical examination for mental illness completed by different physicians, each of whom has examined the proposed patient during the preceding thirty days. TEX. HEALTH & SAFETY CODE ANN. § 574.009(a). If the certificates are not on file at the time set for the application hearing, the court must dismiss the application and order the immediate release of the proposed patient, if that person is not at liberty. TEX.HEALTH & SAFETY CODE ANN. § 574.009(d). The provision that two certificates must be on file at the time of the hearing is mandatory. If the certificates are not on file, the case must be dismissed. *Porter v. State,* 703 S.W.2d 840, 843 (Tex. App.—Fort Worth 1986, no writ) (construing TEX.REV.CIV.STAT.ANN. art. 5547–46, now TEX. HEALTH & SAFETY CODE ANN. § 574.009).

Both the State and J.J. acknowledge that only one certificate, that of Dr. Garcia, was on file at the time of the hearing. The State argues, however, that it substantially complied with Section 574.009 because J.J. had been examined by four different physicians, three of whom were psychiatrists. The State's attorney acknowledges that he cannot explain the absence of the second certificate by Dr. John P. Methner, which he attached

---

**2.** The State also cites *In Re J.S.C.,* 812 S.W.2d 92, 93 (Tex.App.—San Antonio 1991, no writ), for the proposition that the notice of appeal must be filed with the court of appeals no later than ten days after the order is signed. The court

opinion in *J.S.C.,* however, in construing TEX. R.APP.P. 5(a) computation of filing time, held that a notice of appeal was timely filed, but did not mention *where* the notice of appeal was filed.

to his brief in this cause. The State also unsuccessfully sought permission to amend the appellate transcript with certificates by Dr. Methner, Dr. Otto Walling, and Dr. Robert Potts. State's counsel argues that the purpose of the constitutional section and the statute is to prevent someone from being deprived of liberty without first being examined by physicians. Because J.J. was examined by four physicians, the State contends that he was not harmed by the lack of a second certificate.

The State also says that Section 574.034(d) allows a proposed patient to waive cross-examination of witnesses and to introduce the certificates of medical examination as competent medical testimony from which the trial court may make its findings. Section 574.034(d) requires a written waiver of the right to cross-examine witnesses. If the proposed patient or his attorney waives that right, the court may admit the certificates of medical examination as evidence.[3] This presupposes that the certificates have been filed with the court. Here, only one certificate was filed. Although J.J. was examined by four physicians, the mandatory provision of the Code was not followed. That being the case, the trial court should have dismissed the application.

█ J.J. also argues that the trial court erred when it failed to specify which of the three criteria set forth in Section 574.034(a)(2) formed the basis of its commitment order.

The court may determine that a proposed patient requires court-ordered temporary mental health services only if it finds from clear and convincing evidence that (1) the proposed patient is mentally ill; and (2) as a result of that illness he (A) is likely to cause serious harm to himself; (B) is likely to cause serious harm to others; or (C) will, if not treated, continue to suffer severe and abnormal mental, emotional, or physical distress, will continue to experience deterioration of his ability to function independently, and is unable to make a rational and informed decision whether or not to submit to treatment. TEX.HEALTH & SAFETY CODE ANN. § 574.034(a). The court must specify which criterion forms the basis for its decision. TEX.HEALTH & SAFETY CODE ANN. 574.034(b). A court contemplating drastic curtailment of a person's liberty by involuntarily committing that person to hospitalization should explain the specific bases for its decision. *In re J.S.C.*, 812 S.W.2d at 96.

In this case, the court judgment was a fill-in-the-blank form that stated the grounds of commitment in the disjunctive. The court did not specify which criterion it was using for the commitment.

In *J.S.C.*, the trial court also used a fill-in-the-blank form listing the criteria in the disjunctive. The appellate court there held that if the judge had found that all three criteria formed the bases of the commitment, it should have stated them in the conjunctive, rather than the disjunctive. *See Khateeb v. State*, 712 S.W.2d 881, 885 (Tex.App.—Houston [1st Dist.] 1986, no writ).

The State argues that the trial court in open court orally pronounced judgment in the conjunctive. Generally, the written judgment controls over the oral pronouncement. *Nine Greenway Ltd. v. Heard, Goggan*, 875 S.W.2d 784, 786 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Borden, Inc. v. Valdez*, 773 S.W.2d 718, 720 (Tex.App.—Corpus Christi 1989, no writ). Regardless, neither the written judgment nor the oral pronouncement meets the requirements of Section 574.034. The written judgment is in the disjunctive and the court, in the oral recitation, said:

3. TEX.HEALTH & SAFETY CODE ANN. § 574.034(d) (Vernon Supp.1995) provides:

The proposed patient and the proposed patient's attorney, by a written document filed with the court, may waive the right to cross-examine witnesses, and, if that right is waived, the court may admit, as evidence, the certificates of medical examination for mental illness. The certificates admitted under this subsection constitute competent medical or psychiatric testimony, and the court may make its findings solely from the certificates. If the proposed patient and the proposed patient's attorney do not waive in writing the right to cross-examine witnesses, the court shall proceed to hear testimony. The testimony must include competent medical or psychiatric testimony.

[J.J.] is likely to cause serious harm to himself, *and* is also likely to cause serious harm to others, *or* will, if not treated, continue to suffer severe and abnormal mental, emotion (sic) or physical distress, and will continue to experience deterioration of his ability to function independently, and is unable to make a rational and informed decision as to whether or not to submit to treatment on his own.

(Emphasis added.) In neither judgment did the court explain which criterion it used or whether it used all three.

Because our disposition of these points disposes of the case, we need not review J.J.'s complaints about the sufficiency of the evidence.

The judgment is reversed. The cause is remanded to the trial court with instructions that it be dismissed.