NO. 12-02-00061-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


§
 APPEAL FROM THE 


THE STATE OF TEXAS FOR THE

BEST INTEREST AND PROTECTION
§
 COUNTY COURT AT LAW OF

OF M.S.


§
 CHEROKEE COUNTY, TEXAS






 

 Appellant M.S. appeals from an order of commitment for temporary inpatient mental health

services. After a hearing without a jury, the trial court ordered M.S. committed to Terrell State
Hospital for a period not to exceed ninety days. Of Appellant's eight issues, we consider only his
complaint that the trial court erred in conducting a hearing without the necessary physicians'
certificates on file. We reverse the trial court's order and render judgment ordering Appellant's
immediate release. 

 On February 1, 2002, an application for court-ordered temporary mental health services was
filed requesting the court commit Appellant to Terrell State Hospital for a period not to exceed
ninety days. The application was supported by a certificate of medical examination for mental
illness, prepared by a physician, Dr. Wanda Michaels, who had examined Appellant on January 30,
2002. 

 The hearing on the application convened on the morning of February 6, 2002. After Dr.
Michaels testified, the State rested and closed. During an ensuing bench conference, the State
conceded that a second certificate of medical examination, that of Dr. Cira J. DeLeon, is deficient. 
It was not explained on the record in what way it is deficient. Dr. DeLeon's certificate is not in the
appellate record. The trial judge stated that he would wait until 1:00 p.m. that day to make a ruling. 
He explained that constitutional formalities had not been followed and he would dismiss the case
at 1:00 p.m. unless he found some law that allowed him to hold Appellant. Our record does not
contain a reporter's record of any proceedings held on the afternoon of February 6, 2002 and
apparently there were none. 

 Court reconvened the following day. No explanation is provided on the record regarding the
trial court's change of heart or the state of the proceedings. Curiously, each party was represented
by a different attorney than it had been the day before. The State again presented the testimony of
Dr. Michaels. It then presented testimony of Dr. Vassil Tchokoev, who had examined Appellant the
day before. Dr. Tchokoev had also completed a certificate documenting his examination. His
certificate had been filed at 1:30 p.m. on February 6, 2002. The State rested and Appellant moved
for a directed verdict, pointing out that the physicians' certificates were never placed into evidence. 
The trial court refused the State's request to admit the certificates but did take judicial notice of
them. The motion for directed verdict was denied. Appellant rested and closed without presenting
any evidence. The trial court orally granted the application. However, the order granting the
application and ordering Appellant's temporary commitment reflects that it was signed on February
6, 2002 and filed on February 7, 2002.

 In his seventh issue, Appellant contends the trial court erred in conducting the hearing when
only one of the two required physicians' certificates was on file. As the statutory provision requiring
two certificates is mandatory, he argues, the absence of one certificate leaves the trial court without
jurisdiction to hear the case.

 Section 574.009 of the Texas Health and Safety Code provides:



 A hearing on an application for court-ordered mental health services may not be held unless there are
on file with the court at least two certificates of medical examination for mental illness completed by
different physicians each of whom has examined the proposed patient during the preceding 30 days. 




* * *



 If the certificates required under this section are not on file at the time set for the hearing on the
application, the judge shall dismiss the application and order the immediate release of the proposed
patient if that person is not at liberty.



Tex. Health & Safety Code Ann. § 574.009(a), (d) (Vernon Supp. 2002). The provision that two
certificates must be on file at the time of the hearing is mandatory. If the certificates are not on file,
the case must be dismissed. In re J.J., 900 S.W.2d 353, 355 (Tex. App.- Texarkana 1995, no writ).

 Here, only one physician's certificate was on file at the time the hearing began on the
morning of February 6, 2002. The certificate of Dr. Tchokoev was not filed until that afternoon. 
The State admitted on February 6 that one certificate was deficient and conceded in its brief on
appeal that the record does not show that two certificates were on file at the time set for the hearing.
Notwithstanding the trial court's apparent attempt to begin the hearing again on the following day,
we must conclude that the procedure utilized did not comply with the statute. We sustain
Appellant's seventh issue. Due to our disposition of this issue, we need not consider his remaining
issues. See Tex. R. App. P. 47.1.

 We reverse the trial court's order for temporary inpatient mental health services and order
Appellant released from detention if he is not presently at liberty.


 LOUIS B. GOHMERT, JR.

 Chief Justice



Opinion delivered August 14, in the Year of our Lord 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.


















(DO NOT PUBLISH)