# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00442-CV

## In the Matter of D. L. W.

### FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY
### NO. 2004-02, HONORABLE M. BENTON ESKEW, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

D.L.W. appeals from the order temporarily committing her for mental health services. She complains that the trial court should have dismissed the application at the commitment hearing because the record did not contain the required proper certificates of medical examination from two physicians. We will affirm the judgment.

Appellant was picked up on the morning of June 29, 2004 after citizen complaints and police observation of her behavior. Police received a report at 7:30 a.m. that appellant was cursing loudly at someone, although no one was with her. A police officer then saw appellant walking south in the northbound lane of traffic of a city street, cursing loudly, screaming, and spitting at passing vehicles; the officer transported appellant to appellant's friend's home. About two hours later, the officer received reports and then observed appellant in public cursing loudly to no one who was present. As police transported appellant to their headquarters, appellant became even more upset at "the people in her head," according to the police report. She slapped herself in the face and struck the car-door glass with her hand and continued to yell at people who were not

present. Appellant was transported to state mental health facilities. Dr. Thomas Tan, who examined appellant on July 6, 2004, opined that she had schizoaffective disorder, was bipolar, and showed the effects of cannabis abuse and recent use of crack cocaine.

The court held a probable-cause hearing on July 5, 2004 and held a commitment hearing on July 13, 2004.[1] Appellant contended at both hearings that the State had not filed the requisite two valid certificates of medical examination. *See* Tex. Health & Safety Code Ann. § 574.009 (West 2003). She contended that the court must dismiss the proceeding. *See id*. § 574.009(d).

Before the probable-cause hearing, the State filed certificates from Drs. Brian Reynolds and Darlene McLaughlin. The court sustained appellant's objection to Reynolds's certificate because it was not sworn. *See id*. § 574.011 (West 2003). Appellant objected to McLaughlin's certificate because she testified that she signed her certificate outside the presence of the notary the day before it was notarized. Over appellant's objection to McLaughlin's certificate, the court found probable cause to keep appellant in custody pending the commitment hearing.

Before the commitment hearing, the State then filed a certificate of medical examination from Dr. Thomas Tan. At the commitment hearing, the court again denied appellant's request to dismiss the proceeding for lack of two proper certificates based on the impropriety of McLaughlin's certificate. The court then ordered appellant temporarily committed for mental health services.

---

[1] Although no record of the probable-cause hearing is before us, we may accept as true appellant's unchallenged statement of facts. *See* Tex. R. App. P. 38.1(f). The reporter's record of the commitment hearing is before this Court.

On appeal, appellant reurges her contention that the court should have dismissed the proceeding because the State failed to file two valid certificates before the commitment hearing. She does not challenge the adequacy of Tan's affidavit, but contends that McLaughlin's affidavit was inadequate because it was notarized outside McLaughlin's presence.

"A hearing on an application for court-ordered mental health services may not be held unless there are on file with the court at least two certificates of medical examination for mental illness completed by different physicians each of whom has examined the proposed patient during the preceding 30 days." Tex. Health & Safety Code Ann. § 574.009(a) (West 2003). If the certificates are not on file at the time set for the hearing on the application, the judge "shall dismiss the application and order the immediate release of the proposed patient." *Id*. § 574.009(d). The certificate must be sworn to by the physician. *Id*. § 574.011(a). If one of the two certificates on file is not sworn when the commitment hearing begins, the court must dismiss the case. *See Marroquin v. State*, 112 S.W.3d 295, 301 (Tex. App.—El Paso 2003, no pet.).

We conclude that the irregularity in the notarization does not require reversal in this case. There were two sworn certificates on file at the beginning of the commitment hearing; this satisfied the technical requirements of the statute to permit the hearing to begin. This case is thus distinct from those in which a certificate was filed but not sworn, *see id*., or only one certificate was filed, *see In re J.J.*, 900 S.W.2d 353, 356 (Tex. App.—Texarkana 1995, no pet.).

Although the court was aware of the irregularity in the notarization at the time of the commitment hearing, the court also had already overruled appellant's objection to McLaughlin's certificate after hearing sworn testimony from McLaughlin at the probable-cause hearing. The statute does not specify how the certificate must be "sworn to;" there is no express requirement of

3

notarization. *See* Tex. Health & Safety Code Ann. § 574.011. Like most affidavits, the certificate in this case recites that it was sworn "before" the notary. *See Sullivan v. First Natl Bank of Flatonia*, 83 S.W. 421, 422 (Tex. Civ. App. 1904) (affidavits traditionally sworn to in person). But McLaughlin testified that she did not swear before the notary. To the extent that her testimony in the probable-cause hearing raised questions about the notarization, however, the court and the parties had the chance to explore and resolve doubts about the sufficiency of the oath and the adequacy of the certificate. Her testimony at the probable-cause hearing served the solemnizing purpose of the requirement that the certificate be sworn to before the commitment hearing. The court's overruling of the objections to McLaughlin's affidavit at the probable-cause hearing indicates that it resolved any doubts in favor of the adequacy of McLaughlin's certificate before the commitment hearing began. Thus, two proper certificates were on file before the certification hearing began.

On these facts, we conclude that the court did not err by failing to dismiss this cause. We affirm the judgment.

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: February 17, 2005

4