

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00028-CV
_____


THE STATE OF TEXAS FOR THE BEST INTEREST AND PROTECTION OF L.A.


On Appeal from the County Court
Hopkins County, Texas
Trial Court No. M15-00051


Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

In this accelerated appeal, L.A. complains of an order of commitment for temporary inpatient mental health services. After a jury trial, the trial court ordered L.A. committed to Terrell State Hospital for a period not to exceed ninety days. L.A. contends that the trial court should have dismissed the application for court-ordered mental health services at the commitment hearing because two statutorily compliant certificates of medical examination were not on file at the time of the hearing. We reverse the trial court's order and render judgment ordering L.A.'s immediate release.

## I.     Background

On February 27, 2015, L.A. was determined to be incompetent to stand trial in connection with the indicted offense of deadly conduct. On May 6, 2015, all criminal charges against L.A. were dismissed, and the case was transferred to the County Court of Hopkins County for civil commitment proceedings. On May 7, 2015, an order for protective custody was issued, and after a hearing, L.A. was taken into protective custody at Terrell State Hospital for a period not to exceed fourteen days. The protective custody order was supported by a certificate of medical examination for mental illness dated May 7, 2015. A second certificate of medical examination for mental illness was filed on May 14, 2015. After one motion for continuance, a hearing on the State's application for temporary inpatient mental health services was scheduled for June 9, 2015. Prior to jury selection on the date of the hearing, counsel for L.A. objected to proceeding with the hearing

2

as there was only one statutorily compliant certificate of medical examination on file.[1]  This objection was overruled, and the case proceeded to jury trial.  The trial court thereafter ordered, in accordance with the jury's verdict, L.A.'s commitment to Terrell State Hospital for inpatient care for a period not to exceed ninety days.

## II.    Analysis

Section 574.009 of the Texas Health and Safety Code provides,

(a)    A hearing on an application for court-ordered mental health services may not be held unless there are on file with the court at least two certificates of medical examination for mental illness completed by different physicians each of whom has examined the proposed patient during the preceding 30 days.  At least one of the physicians must be a psychiatrist if a psychiatrist is available in the county.

. . . .

(d) If the certificates required under this section are not on file at the time set for the hearing on the application, the judge shall dismiss the application and order the immediate release of the proposed patient if that person is not at liberty.

TEX. HEALTH & SAFETY CODE ANN. § 574.009(a), (d) (West 2010).  "A hearing on an application for court-ordered mental health services may not be held unless there are on file with the court at least two certificates of medical examination for mental illness completed by different physicians, each of whom has examined the proposed patient during the preceding thirty days." *In re J.J.*, 900 S.W.2d 353, 355 (Tex. App.—Texarkana 1995, no writ).  The provision that two certificates must be on file at the time of the hearing is mandatory.  If statutorily compliant certificates are not on file at the time set for the application hearing, the case must be dismissed.  *Id.*

---

[1]Because the court recording device utilized at the hearing was evidently not working properly at the time the objection was voiced, the parties stipulated that a proper objection was made at the proper time.

The statute specifically requires that the "certificates required under this section" must be on file at the time of the hearing. TEX. HEALTH & SAFETY CODE ANN. § 574.009(d). The physicians completing certificates must have examined the proposed patient "during the preceding 30 days." TEX. HEALTH & SAFETY CODE ANN. § 544.009(a). Thus, a statutorily compliant certificate is one which reflects that the submitting physician has examined the proposed patient within thirty days of the hearing. *See Marroquin v. State*, 112 S.W.3d 295, 301 (Tex. App.—El Paso 2003, no pet.) (certificate of medical examination not statutorily compliant as was more than thirty days old at time of hearing).

It is undisputed that one statutorily compliant certificate of examination for mental illness, dated May 14, 2015, was on file at the time of the hearing on June 9, 2015. The second certificate on file, however, was stale. That certificate was dated May 7, 2015. At the time of the June 9 hearing, the certificate was thirty-three days old. The May 7 certificate, therefore, did not comply with Section 574.009(a) of the statute. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.009(a). The State concedes that the May 7 certificate was out-of-date, but contends that L.A.'s rights were nevertheless protected and that the trial court's order should, therefore, stand. The State cites no authority in support of its position, and we know of none. "The requirements for an involuntary commitment are strict because an involuntary commitment is a drastic measure." *State ex rel. S.W.*, 356 S.W.3d 576, 579 (Tex. App.—Texarkana 2011, no pet.) (citing *In re Breeden*, 4 S.W.3d 782, 789 (Tex. App.—San Antonio 1999, no pet.)).

## III. Conclusion

Because only one statutorily compliant medical certificate was on file at the time of the hearing, the trial court erred in conducting the hearing. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.009(d). We reverse the trial court's order for temporary inpatient mental health services and render judgment ordering L.A.'s immediate release from detention. Our mandate will issue immediately upon motion, should appropriate action not to be taken in accordance with this opinion.

Ralph K. Burgess
Justice

Date Submitted: July 6, 2015
Date Decided: July 17, 2015