**Reversed and Rendered and Memorandum Opinion filed September 3, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00980-CV

---

## THE STATE OF TEXAS FOR THE BEST INTEREST AND PROTECTION OF E.A.

---

**On Appeal from Civil County Court at Law No. 1
Fort Bend, Texas
Trial Court Cause No. 14-CMH-002688**

---

## M E M O R A N D U M    O P I N I O N

Appellant, E.A., appeals an order for temporary in-patient mental health services and an order to administer psychoactive medication. We reverse and render.

### BACKGROUND

Ronnie Cauley filed an application for court-ordered temporary mental health services on November 24, 2014, alleging that E.A. is mentally ill and requesting that the trial court commit E.A. for treatment to a mental health facility,

namely the Oak Bend Medical Center, for a period not to exceed 90 days. *See* Tex. Health & Safety Code Ann. § 574.001 (Vernon 2010). The application was filed together with a certificate of medical examination for mental illness signed by Dr. Karen A. Richardson on November 23, 2014, after she examined and diagnosed E.A. with psychosis on the same day. *See id*. § 574.011 (Vernon 2010).

Assistant County Attorney Marcus Spencer filed a motion for an order of protective custody on November 24, 2014, requesting that the trial court order E.A.'s immediate transport to an appropriate in-patient mental health facility, namely the Oak Bend Medical Center. *See id*. § 574.021 (Vernon 2010). The trial court signed an order of protective custody on November 24, 2014, ordering E.A.'s immediate transport to Oak Bend Medical Center.

On the same day, the trial court signed (1) an order appointing attorney Michael Klosowsky to represent E.A.; (2) a notice that a hearing on the application for court-ordered temporary mental health services was set for 10:30 a.m. on December 8, 2014, at the County Court at Law No. 1; and (3) an order to transport E.A. to the scheduled court hearing.

Dr. Matthew Brams, a physician at the Oak Bend Medical Center, filed an application for court-ordered psychoactive medication on November 26, 2014. *See id*. § 574.104 (Vernon 2010). On December 1, 2014, the trial court signed a notice that a hearing on the application for court-ordered psychoactive medication was set for 10:30 a.m. on December 8, 2014, at the County Court at Law No. 1. On the same day, the trial court signed an order to transport E.A. to the scheduled court hearing.

A certificate of medical examination for mental illness signed by Dr. Owen Capocyan on December 4, 2014, after he examined E.A. and diagnosed him with psychosis, was filed with the Fort Bend County Clerk on December 5, 2014.

2

Psychiatrist Dr. Matthew Brams also examined E.A. on December 4, 2014, diagnosing E.A. with schizophrenia, but no certificate of medical examination for mental illness was signed by Dr. Brams on that day.

At the time set for the hearing on December 8, 2014, the following exchange occurred:

THE COURT: We're here on Cause Number 14-CMH-002688, STATE OF TEXAS FOR THE BEST INTEREST OF E.A.

Counsel, would you like to approach? All right. Do you have everything in line?

[THE STATE]: We have two medical certificates, neither one has been completed by the psychiatrist; however, we do have Dr. Brams who is a psychiatrist here ready to testify today.

THE COURT: Okay.

[TRIAL COUNSEL]: My objection to that is that it doesn't comply with the statute. He's here, but he hasn't done a certificate of medical examination that's required by the Code.

THE COURT: Okay. And it is.

[THE STATE]: We can reschedule and come back.

THE COURT: Okay. We got to do it right.

[THE STATE]: Sure, sure.

THE COURT: As you know.

[TRIAL COUNSEL]: Well, the remedy for not having him on file at the time set for hearing is that the case be dismissed, that's per the statute. So, I mean, we can reschedule but --

[THE STATE]: We don't think that's in the best interest.

[TRIAL COUNSEL]: Best interest.

THE COURT: Yeah, yeah. How long will it take to get the certificate?

[THE STATE]: We should be able to get the certificate done within minutes. I'd say at least possibly 30 minutes to an hour at the most.

THE COURT: Let's do 30 minutes.

3

[THE STATE]: Okay.

THE COURT: And I'll have you -- we will just recess until that time.

[THE STATE]: Okay.

THE COURT: Okay.

[TRIAL COUNSEL]: Okay. Thank you.

THE COURT: Very good.

(Recess)

Dr. Brams then signed a certificate of medical examination for mental illness, in which he stated that he had examined E.A. on December 4, 2014, and had diagnosed E.A. with schizophrenia. This certificate was filed for the record at 11:00 a.m. The trial court proceeded to hold a hearing on the application for court-ordered temporary mental health services and the application for court-ordered psychoactive medication. After hearing testimony form Dr. Brams and E.A., the trial court signed an order for temporary in-patient mental health services not to exceed 90 days and an order to administer psychoactive medication on December 8, 2014. E.A. filed a timely appeal on December 12, 2014. *See* Tex. Health & Safety Code Ann. §§ 574.070(b), 574.108(a) (Vernon 2010).

## ANALYSIS

E.A. argues on appeal that the trial court lacked jurisdiction to order temporary in-patient mental health services when a certificate of medical examination from a psychiatrist was not on file at the time the application for court-ordered mental health services was set for hearing as required by Texas Health and Safety Code section 574.009. E.A. argues that the trial court's order to administer psychoactive medication must also be reversed because a court is allowed to issue an order authorizing the administration of psychoactive medication only to a patient who is under a valid court order to receive in-patient mental health services.

4

As a preliminary matter, we address E.A.'s contention that the issues he presents on appeal are not moot even though he already has undergone mental health treatment and received psychoactive medication at the Oak Bend Medical Center. We agree with E.A. that we have jurisdiction in this case, and that the appeal before us should not be dismissed as moot even though the treatment ordered by the trial court has been completed. *See State v. K.E.W.*, 315 S.W.3d 16, 20 (Tex. 2010) ("The expiration of the time for which [the patient] was ordered to receive services [and medication] does not require the appeal to be dismissed for mootness."); *State v. Lodge*, 608 S.W.2d 910, 910, 912 (Tex. 1980) ("collateral consequences" exception to the mootness doctrine applies to appeals from involuntary commitments in a mental hospital for a period not to exceed 90 days when the patient already has been discharged; dismissal of a cause as moot does not remove the "collateral consequences of a commitment for mental health to the same extent as the reversal of the judgment after appellate review and the pronouncement in writing of the considerations impelling the decision favorable to the aggrieved party"); *J.M. v. State*, 178 S.W.3d 185, 189-90 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (appeal from an order to administer psychoactive medication when the term of the order has expired is not moot).

We now turn to E.A.'s argument that the trial court should have dismissed the application for court-ordered mental health services because the strict statutory requirements for holding a hearing on an application were not met when a certificate of medical examination from a psychiatrist was not on file at the time set for the hearing.

"A hearing on an application for court-ordered mental health services may not be held unless there are on file with the court at least two certificates of medical examination for mental illness completed by different physicians each of

5

whom has examined the proposed patient during the preceding 30 days." Tex. Health & Safety Code Ann. § 574.009(a) (Vernon 2010). "At least one of the physicians must be a psychiatrist if a psychiatrist is available in the county." *Id*.

"If the certificates required under this section are not on file at the time set for the hearing on the application, the judge shall dismiss the application and order the immediate release of the proposed patient if that person is not at liberty." *Id*. § 574.009(d) (Vernon 2010). "If extremely hazardous weather conditions exist or a disaster occurs, the presiding judge or magistrate may by written order made each day extend the period during which the two certificates of medical examination for mental illness may be filed, and the person may be detained until 4 p.m. on the first succeeding business day." *Id*.

The provision that two certificates must be on file at the time of the hearing is mandatory. *State ex rel. L.A.*, No. 06-15-00028-CV, 2015 WL 4381340, at *1 (Tex. App.—Texarkana July 17, 2015, no pet.) (mem. op.); *In re J.J.*, 900 S.W.2d 353, 355 (Tex. App.—Texarkana 1995, no writ); *State ex rel. M.S.*, No. 12-02-00061-CV, 2002 WL 1900020, at *2 (Tex. App.—Tyler Aug. 14, 2002, no pet.) (not designated for publication). If statutorily compliant certificates are not on file at the time set for the application hearing, the application must be dismissed. *State ex rel. L.A.*, 2015 WL 4381340, at *1; *In re J.J.*, 900 S.W.2d at 355; *Porter v. State*, 703 S.W.2d 840, 843 (Tex. App.—Fort Worth 1986, no writ) (construing Tex. Rev. Civ. Stat. Ann. art. 5547-46, now Tex. Health & Safety Code Ann. § 574.009 and holding that requirement that two certificates are on file is jurisdictional in nature).

The State concedes that "[a]t the time set for the hearing on the application for court-ordered temporary mental services, a certificate of medical examination from a psychiatrist was not on file." The State also concedes that section

6

574.009(d) "requires a trial court to dismiss if the certificates are not on file" but argues that the "immediate release of the proposed patient would not have been in his best interest." The State contends that the "thirty minute delay prior to holding the hearing on the court-ordered mental health services was the result of what should be viewed as a request for continuance agreed to by the parties and granted by the Trial Court, as authorized by statute." We disagree.

Texas Health and Safety Code section 574.005(c) provides that a trial court "may grant one or more continuances of the [application] hearing on the motion by a party and for good cause shown or on agreement of the parties." Tex. Health & Safety Code Ann. § 574.005(c) (Vernon 2010).

Here, E.A. objected to the State's failure to comply with the statutory requirement of having two certificates on file at the time the application hearing was set and stated that "the case be dismissed, that's per statute." After the State argued that rescheduling the application hearing would not be in E.A.'s best interest, the trial court ordered a 30-minute recess so the State could file Dr. Brams's certificate. The parties simply responded: "Okay" to the trial court's 30-minute recess. Neither party moved for a continuance of the application hearing, nor was evidence of good cause presented. Further, the record does not support the State's contention that the court-ordered recess "should be viewed as a request for continuance agreed to by the parties and granted by the Trial Court." The parties' statement "Okay" in response to the trial court ordering a 30-minute recess supports acquiescence at best. Thus, we cannot conclude that the trial court granted an agreed continuance in this case.

The statutory requirements for an involuntary commitment are strict because an involuntary commitment is a drastic measure. *State ex rel. L.A.*, 2015 WL 4381340, at *2; *State ex rel. S.W.*, 356 S.W.3d 576, 579 (Tex. App.—Texarkana

7

2011, no pet.); *State ex rel. J.C.*, No. 12-04-00265-CV, 2005 WL 1037610, at *4 (Tex. App.—Tyler May 5, 2005, no pet.) (mem. op.); *In re Breeden*, 4 S.W.3d 782, 789 (Tex. App.—San Antonio 1999, no pet). Because two certificates of medical examination for mental illness were not on file at the time the application hearing was set as required by section 574.009, the trial court should have dismissed the application. Accordingly, we sustain E.A.'s issue in this regard.

We next address E.A.'s argument that the trial court's order to administer psychoactive medication must be reversed because a court may issue an order authorizing the administration of psychoactive medication only to a patient who is under a valid court order to receive in-patient mental health services. E.A. correctly asserts that we must reverse the order to administer psychoactive medication to E.A. if the order for temporary in-patient mental health services is reversed.

An order authorizing the administration of psychoactive medication may be entered only if the patient is under a valid order for temporary or extended mental health services. *See* Tex. Health & Safety Code Ann. § 574.106(a)(1) (Vernon 2010). In the absence of a valid order for temporary or extended mental health services, the order authorizing the administration of psychoactive medication is not authorized by statute and cannot stand. *See id.*; *In re L.W.*, No. 02-14-00371-CV, 2015 WL 222350, at *2 (Tex. App.—Fort Worth Jan. 15, 2015, no pet.) (mem. op.); *J.M.*, 178 S.W.3d at 197; *see also State ex rel. C.C., III*, 253 S.W.3d 888, 895 (Tex. App.—Dallas 2008, no pet.).

Therefore, because we reverse the trial court's order for temporary in-patient health services, we also reverse the order to administer psychoactive medication to E.A. *See In re L.W.*, 2015 WL 222350, at *2; *J.M.*, 178 S.W.3d at 197; *State ex rel. C.C., III*, 253 S.W.3d at 895. Accordingly, we sustain E.A.'s issue in this

regard.

## CONCLUSION

We reverse the trial court's order for temporary in-patient mental health services and the order to administer psychoactive medication; we render judgment denying the applications for court-ordered temporary mental health services and for court-ordered psychoactive medication.


/s/ William J. Boyce
   Justice


Panel consists of Justices Boyce, McCally and Donovan.